**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Alfredo ZAMORA–YESCAS, Defendant-Appellant.**

**No. 71-2197.**

United States Court of Appeals, Ninth Circuit.

May 1, 1972.

Louis L. Deckter, Tucson, Ariz., for defendant-appellant.

William C. Smitherman, U. S. Atty., James M. Wilkes, Asst. U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before MERRILL, ELY and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Appellant appeals from his conviction for bail jumping (18 U.S.C. §§ 3148, 3150). He contends that the district court erred in failing to suppress his inculpatory statements that he claims were taken in violation of *Miranda* and of his right to counsel, and in admitting the bail bond in evidence without proper foundation. He also argues that the evidence was insufficient to sustain his conviction.

■ ■ The evidence in respect of appellant's claim of *Miranda* error was conflicting. The district court's resolution of that conflict against appellant binds us. There was substantial evidence, credited by the district court, to sustain that court's finding that appellant's statements to the arresting agents were voluntary. Although this Court has noted its disapproval of the practice of interviewing accused persons in the absence of counsel, we have held that law enforcement officers may question the accused without giving notice to counsel of the interrogation if the accused has waived his right to the presence of counsel. (Coughlan v. United States (9th Cir. 1968) 391 F.2d 371, cert. denied sub nom. Coghlan v. United States, 393 U.S. 870, 89 S.Ct. 159, 21 L.Ed.2d 139.) Despite the cogency of the reasoning of the dissent in *Coughlan,* it is not the law of this Circuit. The district court's disposition of the factual issues underlying its decision of the waiver of counsel question likewise binds us.

■ The bail bond was properly admitted into evidence. Appellant's trial counsel stipulated with Government counsel that the document offered was a true and accurate copy of the original. The original document was in the custody of the court. The foundation for the receipt of the copy was adequately laid.

Were the inculpatory statements of appellant deleted, the sufficiency of the evidence to prove that appellant "wilfully" failed to appear as ordered would have been dubious; but those statements were properly admitted. Appellant's admissions coupled with the circumstantial evidence adequately supported the conviction.

The judgment is affirmed.