### STATE v. PRESTON.

*Practice.   Intoxicating Liquor.   Gen. Sts. c. 94, s. 18.*

When the bill of exceptions designates and specifies the points embraced in the judg-
ment of the County Court, upon which alone question was made and exception
taken, the Supreme Court will consider only such question and exception.
Section 18, c. 94 of the Gen. Sts., prohibits the sale of cider at a grocery, or other
place of public resort, although the sale is not made to an habitual drunkard.

INDICTMENT under s. 18, c. 94 of the Gen. Sts. for illegally sell-
ing cider in the respondent's grocery. General demurrer to
indictment.   On argument of the demurrer at the September
Term, 1873, PECK, J., presiding, the respondent's counsel in-
sisted ·that said section did not apply to the sale of cider unless
sold to an habitual drunkard, and claimed that the words, " *in
the last proviso of this section*," and in the clause imposing a fine
of ten dollars, could not be construed to include the sale of cider
in any victualing house, &c., or other place of public resort, so
as to have the penalty attach, unless the sale was to an habitual
drunkard.   No other objection was made to the indictment.

The court overruled the demurrer and adjudged the indictment
sufficient ; to which the respondent excepted.

*Gleason & Field*, for the responndent.

*W. P. Dillingham*, state's attorney, for the state.

The opinion of the court was delivered by
BARRETT, J.   In view of obvious misapprehension on the part
of counsel who have argued this cause for respondent, it seems
proper to be remarked, that when the bill of exceptions desig-
nates and specifies the point or points embraced within the judg-
ment of the County Court, upon which alone question was made
and exception taken, this court will consider only such question
and exception.

It is not the proper function of this court to entertain points which the exceptions show not to have been made in the County Court. It is to be assumed where specific points are made and ruled and judgment rendered and exception taken, that other questions that might have been made but were not, were regarded by the County Court as waived. *Non, constat* if they had been made, the judgment would have been such as it was, and the cause have been here on exceptions. Otherwise causes may come here and litigation be protracted upon points and questions raised here for the first time, and that did not (and that too without any error in the court below) enter into the grounds of the decision. This would not be ingenuous towards either that court or this, and would not be ingenuous and fair towards the other party, either in that court or this.

It is ordinarily regarded as sufficient for the party to meet and take care of the points and questions that are made against him on the trial in the County Court, and that the County Court has done all its duty to both parties when it has decided the points and questions made by each party against the other.

Unless court and counsel are apprised in the court below that other matters, and what, are relied on as ground of objection and exception to the judgment, this court will not knowingly entertain and consider questions as to such other matters.

We recognize without repeating the elementary principles and rules as to the construction of penal statutes. The meaning and application are to be shown by, and found from, the statutes themselves, having regard to the known subject-matter as to which they are to operate. That 18th section enacts that no person shall sell or furnish cider at or in any grocery, shop, cellar, or other place of public resort; and if any person does so, he shall forfeit and pay a fine of ten dollars for each offence. It is plain that the draftsman of that section did not regard the technical definition or the technical office of a *proviso* in statutes. In that section the word is used to designate certain portions of it without regard to the legal quality of those portions; one of which is *provisional* in the technical sense, and another of which is an affirmative enactment without conditional or modifying op-

eration, and another refers to other portions of an act giving them effect in relation to an additional subject.

In the middle portion of the 18th section are two clauses, commencing " Provided " ; one of which is a *proviso*, while the other is an affirmative, unconditional enactment, and is that on which this prosecution is grounded. In the latter part of the latter of said clauses, is the expression, " in the last proviso of this section," and this is what has given occasion for the pretended trouble in this case. It is obvious that that expression was meant to designate and point to what is contained under the latter of said word *provided*. At the point and place of its insertion, that second *provided* was the last thing that had been made in that section, and was used as looking backwards to what had foregone, and not forwards to something that may not have then existed in idea or purpose.

When the matter under the " *provided* " at the close of the section is regarded, it is plain that that could not have been the subject to which the matter under the second " *provided* " had reference.

We think even " a wayfaring man " would not be in danger of erring under that section into the idea that cider might *lawfully* be sold to anybody but an habitual drunkard at a grocery or place of public resort, and our brethren of the Bar are now relieved in that respect.

Exceptions overruled, and judgment affirmed.