## COURT OF APPEALS.

### February 2, 1923.

## THE PEOPLE v. EMILIO SEMIONE.

### (235 N. Y. 44.)

(1) MURDER IN FIRST DEGREE—SUFFICIENCY OF EVIDENCE TO WARRANT CONVICTION—IMPROPER EVIDENCE RECEIVED WITHOUT OBJECTION DOES NOT VITIATE JUDGMENT—COURT OF APPEALS WILL NOT DISREGARD ABSENCE OF OBJECTION UNLESS SATISFIED THAT INJUSTICE HAS BEEN DONE.

Upon examination of the record of a trial resulting in conviction for murder in the first degree, *held* defendant's guilt to be established by evidence so convincing that there is no reasonable basis for a fear that injustice has been done.

(2) SAME.

The presence in the record of testimony which, if challenged, should have been excluded as incompetent, does not vitiate the judgment and this court will not exercise its discretionary power to disregard the

absence of objection unless on the whole case there is a reasonable basis for the fear that injustice has been done. This, especially, where the evidence, incompetent at the time of its admission, became competent thereafter as part of the defendant's cross-examination where, in substance, it was repeated.

APPEAL from a judgment of the Supreme Court rendered February 25, 1921, at a Trial Term for the county of Erie, upon a verdict convicting the defendant of the crime of murder in the first degree.

*John S. Knibloe,* for appellant. The evidence was entirely circumstantial and it was error for the court to permit the district attorney to introduce the accusations of De Paulo to be introduced into evidence for the purpose of bolstering up the circumstantial evidence and to refuse to allow subsequent admissions of De Paulo as well as proof of motive on the part of De Paulo. (People v. Kennedy, 164 N. Y. 456; People v. Conrow, 200 N. Y. 356; People v. Jung Hing, 212 N. Y. 393.) The court erred in failing to charge the jury that the accusations of Joseph De Paulo, made in the district attorney's office, could not be considered in determining the guilt or innocence of the defendant. (People v. Kennedy, 164 N. Y. 456; People v. Conrow, 200 N. Y. 356.)

*Guy B. Moore, District Attorney (Walter F. Hofheins,* of counsel, for respondent. The trial court committed no error prejudicial to defendant. (People v. Friedman, 205 N. Y. 161; People v. Hinksman, 192 N. Y. 421.)

PER CURIAM:

The defendant Emilio Semione was indicted with Joseph De Paulo for the murder of Luigi Campagna.

In a judgment handed down herewith, we are reversing the conviction of De Paulo for error in the admission of evidence as well as upon other grounds. The district attorney was there

permitted to show, upon objection and exception, that when Semione and De Paulo were brought together shortly after the homicide, each charged the other with the commission of the crime. The significance of this testimony was greatly emphasized by the use which the district attorney made of it in his summing up to the jury. The effect was to make Semione a witness for the People without putting him on the stand or subjecting him to cross-examination at the hands of counsel for De Paulo.

In the case at bar the same conversation is in evidence, but the record has other elements of difference which satisfy us that the judgment ought not to be disturbed. We reach that conclusion upon the following grounds:

1. The testimony in this case, unlike the testimony in the case against De Paulo, was received without objection or exception. During the progress of the trial the court called attention to that fact. Even then, there was no motion to strike out the testimony or to direct the jury to disregard it. Conceivably the defendant thought that charges and countercharges would involve the jury in bewilderment, and inject into the case an element of doubt which might inure to his advantage. Whatever his motive, he was silent when he should have spoken. In such circumstances, the presence in the record of testimony which, if challenged, should have been excluded as incompetent, does not vitiate the judgment. The court will not exercise its discretionary power to disregard the absence of objection unless on the whole case there is a reasonable basis for the fear that injustice has been done (People v. Driscoll, 107 N. Y. 414; People v. Leonardi, 143 N. Y. 360).

2. The conversation, even if incompetent at the time of its admission, became competent thereafter as part of the defendant's cross-examination when, in substance, it was repeated. De Paulo did not take the stand. The defendant Semione did. At the time of his arrest, when found drenched in blood, he made a written statement that he had been set upon by robbers.

Later he retracted this story, and put the guilt upon De Paulo. He was pulled to the ground, he said, by the victim of the assault who clung to him for shelter from the blows of the assailant.    Blood spurted forth and covered his recumbent body.    He repeated this story on the witness stand, protesting that the motive behind the change of narrative was the desire to tell the truth and bring the guilty man to justice.    The prosecutor then asked him whether he had made any charge against De Paulo until informed that De Paulo had made a charge against him.    This was proper cross-examination.    The probe was applied to expose character and motive.

3. The district attorney, summing up the De Paulo case, after reminding the jury of the countercharge, told them in effect that Semione could be called as a witness by De Paulo, but not by the People.    The statement went unchecked despite the remonstrance of De Paulo's counsel.    Nothing of the kind appears in the record now before us.

The defendant's guilt has been established by evidence so convincing that a different verdict would be unthinkable.    There is no reasonable basis for a fear that injustice has been done.

The judgment of conviction should be affirmed.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur; HOGAN, J., not voting.

Judgment affirmed.