## State of Vermont v. James Henry Hood

[187 A.2d 499]

November Term, 1962

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed January 2, 1963

*Charles E. Gibson, Jr.,* Deputy Attorney General, for the State.

*Joseph M. O'Neill* for the respondent.

**Hulburd, C. J.** The respondent was tried for first degree murder on his pleas of not guilty and not guilty by reason of insanity. The jury returned a verdict of guilty of murder in the first degree, and, pursuant to 13 V.S.A. §2303, determined that the punishment should be imprisonment for life in the state prison.

In his appeal to this Court, the respondent claims error solely with respect to the trial court's instructions to the jury.

At the trial, counsel for the respondent presented the court with fifty-six requests to charge. One of these, number 34, was as follows:

> "34. It is proper for the Jury to know and this Court charges you that if you find the Respondent not guilty by reason of insanity this does not mean that he will be free to live in society again. Under our law if a person is acquitted by reason of insanity the Court may order him to be confined in the State Prison or in the Vermont State Hospital, or in some other suitable place, if the discharge or going at large is considered dangerous to the community."

In connection with the foregoing request, counsel for the respondent called to the trial court's attention the cases of *Taylor* v. *United States,* 95 U. S. App. D. C. 373, 222 F.2d 398, and *Lyles* v. *United States,* 103 U. S. App. D. C. 22, 254 F.2d 724. The trial court did not comply with this request, nor did it otherwise charge concerning its subject matter. Thereupon, counsel for the respondent duly excepted to the court's failure to charge as outlined in his request.

The argument seeking reversal here is the argument made below. The same two federal cases are cited. No others on the point have been

brought to our attention and we have found none. Accordingly it has been with great care that we have examined the reasoning of the two cases upon which the respondent would have us base our decision here.

Let it be noted at the outset that both cases are from the same circuit and hence, in effect, they represent but a single authority. The first of these was *Taylor* v. *United States,* 222 F.2d 398. The majority of the court held that "when an accused person has pleaded insanity, counsel may and the judge should inform the jury that if he is acquitted by reason of insanity, he will be presumed to be insane and may be confined in a 'hospital for the insane' as long as 'the public safety and . . . (his) welfare' require." The only reason advanced by the majority to support this holding is to be found in a single sentence which reads: "Though this fact has no theoretical bearing on the jury's verdict it may have a practical bearing." The judgment in the case was reversed expressly on other grounds with which the court was primarily occupied.

In the second of the two cases, *Lyles* v. *United States,* 254 F.2d 725, the same court had occasion to pass upon the adequacy of a trial court's charge given in compliance with the earlier decision. In holding that there had been substantial compliance with the rule laid down in its earlier decision the court went on to give its reasons for having it:

> "The issue of insanity having been fairly raised, the jury may return one of three verdicts, Guilty, Not Guilty or Not Guilty By Reason of Insanity. Jurors, in common with people in general, are aware of the meanings of verdicts of guilty and not guilty. It is common knowledge that a verdict of not guilty means that the prisoner goes free and that a verdict of guilty means that he is subject to such punishment as the Court may impose. But a verdict of not guilty by reason of insanity has no such commonly understood meaning . . . It means neither freedom or punishment. It means the accused will be confined in a hospital for the mentally ill until the superintendent of such hospital certifies and the Court is satisfied, that such person has recovered his sanity and will not in the reasonable future be dangerous to himself or others. We think that the jury has a right to know the meaning of this possible verdict as accurately as it knows by common knowledge the meaning of the other two possible verdicts"

We break off the quotation in order to observe that we doubt that people in general are as ill-informed on the subject as the opinion assumes. But we resume once more with what was said:

"Sometimes a defendant may not want such an instruction given. If that appears affirmatively on the record we would not regard failure to give it as grounds for reversal. Otherwise, whenever hereafter the defense of insanity is fairly raised, the trial judge shall instruct the jury as to the legal meaning of a verdict of not guilty by reason of insanity in accordance with the view expressed in this opinion."

It is to be noted that the opinion does not address itself to the problem of what the trial court should do if the defendant affirmatively makes clear he does not desire the instruction but the prosecution does. We think that the latter part of the opinion discloses the unacceptable nature of the reasoning upon which the holding rests. It is not one which we would care to follow. At its best it tends to give justice, as applied to this situation, an a la carte quality in which the defendant may make as wiley a choice as possible. If the rule were just, there would be no room for maneuvering of this sort. At its worst, the rule would seem to come close to inviting the jury to compromise, or at least to diverting their collective minds into areas which are not for their consideration. We like better the reasoning found in the dissent which states:

"The issue of insanity, fairly raised, does no more than present another factual question to the jury: whether the defendant was mentally responsible when the criminal act was done. That issue also should be determined on the basis of the evidence only and, in deciding it, the jury should not be influenced by a consideration of the result of an acquittal by reason of insanity; that is an extraneous consideration wholly unconnected with the evidence from which the jury must reach a determination of the factual issue raised concerning the defendant's mental condition."

In any event, we think that if a trial judge should be confronted with this problem in response to a request by either counsel or jury, it should confine itself either to informing the jury that following a verdict of not guilty by reason of insanity, the matter then became one for the court to deal with, or, if the Court decided to go into the matter

more fully, it should give the jury a fair and well-rounded picture as to procedure involved in our statute (see 13 V.S.A. §4805 *et seq.*), including, as the dissent in the Lyles case suggested, "the entire impact of the statute" under which a release is mandatory as soon as the respondent has recovered and is no longer dangerous.

It follows from what we have said that no error was committed in refusing to charge as requested by the respondent.

At the conclusion of the trial court's instructions to the jury, former counsel for the respondent stated to the court, "We have only one exception, your Honor." He then went on to take the exception which we have just considered. This was an express indication that counsel for the respondent was satisfied with the court's instructions in all other respects.

On his appeal here, however, counsel for the respondent for the first time makes objection to the trial court's charge with respect to insanity and also to the court's failure to instruct the jury as to the law of self-defense.

It has long been the established rule in this state not to consider questions not raised in the court below. *State* v. *Preston,* 48 Vt. 12, 13; *State* v. *Williams,* 94 Vt. 423, 443, 111 Atl. 701; *State* v. *Stacy,* 104 Vt. 379, 410, 160 Atl. 257, 747; *State* v. *Coburn,* 122 Vt. 102, 165 A.2d 349.

In the case of *State* v. *Murray,* 123 Vt. 232, 186 A.2d 193, decided by the Court at the last term, it was pointed out that error can be predicated on a failure to charge on an essential element of the case only if "the mistake was raised and brought to light at the trial," citing *State* v. *Coburn, supra,* at page 106. Barney, J., speaking for the Court, went on to say, "these decisions are examples of a long-standing principle of procedure, fundamental to the process of judicial review. Before any action taken by a court in the conduct of a trial can be held to be an error of law, it must be demonstrated that the questioned ruling was brought to the attention of the court in a manner that gave notice of the difficulty and gave an opportunity for correction." Our rule in this regard is not peculiar to this state but one which is almost universally adhered to. See 53 Am. Jur. p. 604; also 24 C.J.S. §1674 and cases cited. If the rule were otherwise, counsel might at times be tempted to remain silent about some fault on the

part of the trial court in its instructions, and so, without giving it a chance to correct the situation, arm themselves with ground for reversal if the verdict should go against them. Moreover, in the present case, since counsel expressly gave the trial court to understand that he was satisfied with its instructions, with but the single stated exception, there is even less reason why he should be allowed to assert to the contrary in this Court. For this reason we must decline to consider the two remaining grounds which have been briefed by the respondent. If, on the whole case, there were a reasonable basis for fear that injustice had been done, we might then consider whether we should exercise our power to disregard the absence of an objection.

As was stated in *People* v. *Semione,* 235 N. Y. 44, 46, 138 N. E. 500, "The Court will not exercise its discretionary power to disregard the absence of objection unless on the whole case there is a reasonable basis for the fear that injustice has been done."

We are satisfied that this is not such a case.

*Judgment affirmed.*