■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SANDY HARVEY, Appellant.— SWEENEY, J. Appeal from a judgment of the County Court of Sullivan County, rendered July 24, 1969, upon a verdict convicting defendant of the crime of criminally selling a dangerous drug in the second degree. Defendant was charged in the indictment with possession and sale of a dangerous drug. The People relied largely on the testimony of an undercover investigator who testified that on November 4, 1968 he and one Washington went to defendant's apartment; that Washington introduced him to defendant after which he requested to purchase one deck of heroin; that defendant went to a back room, returned and gave him a deck of heroin for which the investigator gave him $6. The defendant denied making the sale and offered proof of an alibi. One Francis who lived with defendant corroborated testimony of the defendant that they went to New York on November 4, 1968 and were not in the area at the time of the sale. The court submitted only the sale count contained in the indictment to the jury and defendant was found guilty as charged. The defendant urges that several prejudicial errors were committed at the trial. First, he contends the People improperly placed his character in evidence by offering proof that he was a " female impersonator ". We find no merit to this contention. The fact that defendant wore female clothing was not brought out in the first instance by the prosecution, but by the defendant on cross-examination of the investigator when he was asked how the defendant was dressed that day. The defendant was endeavoring to show the jury that the sale was made by a female, and not by defendant. This was consistent with the defense of alibi. Consequently, the testimony subsequently offered by the prosecution to show defendant was in the habit of wearing female clothing was not only relevant, but necessary on the question of identity. Under these circumstances the testimony was admissible even though it tended to establish the commission of another crime (see *People* v. *Condon*, 26 N Y 2d

139), or was presented as rebuttal testimony (*People* v. *Sorge,* 301 N. Y. 198). Defendant also contends the court erred in receiving testimony on collateral issues. This testimony, however, was received in evidence without objection and defendant is assumed to have consented to its injection into the trial. (See *Hecla Powder Co.* v. *Siqua Iron Co.,* 157 N. Y. 437, 443; *People* v. *Emieleta,* 238 N. Y. 158, 164.) "The court will not exercise its discretionary power to disregard the absence of objection unless on the whole case there is a reasonable basis for the fear that injustice has been done". (*People* v. *Semione,* 235 N. Y. 44, 46.) We are satisfied that justice does not require a new trial. Neither is there any merit to defendant's contention that the court committed prejudicial error in asking the witness Alvin Francis in the presence of the jury if he was under indictment. While an indictment is merely an accusation raising no presumption of guilt and, for that reason, a witness may not be asked whether he has been indicted (*People* v. *Morrison,* 194 N. Y. 175, mot. for rearg. den. 195 N. Y. 116), here the attorney for the defendant in answer to the court's question, stated that the witness had pled guilty to the indictment. Again there was no objection (see *People* v. *Friola,* 11 N Y 2d 157, 159). Furthermore, the witness himself later admitted on cross-examination that he not only pled guilty to the indictment, but also had two other convictions. Under these circumstances, the reason for the rule is absent. As was said by Judge VANN, in *People* v. *Cascone* (185 N. Y. 317, 334) "A conviction for crime may be proved, or, on cross-examination, actual guilt without a conviction, for either implies moral obliquity, and, hence, affects credibility." We regard as harmless the improper question, particularly in light of its answer and the witness' admission of guilt on cross-examination. Defendant next argues that the court erred in failing to specifically charge the jury on the question of alibi. The record reveals that there was no specific charge. In marshaling the evidence, however, the court set forth in some detail defendant's alibi evidence and clearly presented the question of fact. The court also instructed the jury that the burden of proof rested at all times on the People. Taking the charge in its entirety, we conclude that it sufficiently instructed the jury on the defense of alibi. The cases cited by defendant on this issue are readily distinguishable. (Cf. *People* v. *Lorez,* 28 A D 2d 726, affd. 21 N Y 2d 733.) The record also reveals that there was no request made by defendant for a more specific charge, nor was any exception taken to the court's charge. Failure to voice an exception or request constitutes a waiver and, therefore, no question of law has been preserved for our review. (*People* v. *Simons,* 22 N Y 2d 533, 541; Code Crim. Pro., § 420-a.) Finally, the defendant contends that the court erred in not submitting the possession count to the jury. We must also reject this contention. The only evidence connecting the defendant to narcotics was the testimony of the investigator, who testified defendant made the sale to him at defendant's apartment. The defendant not only denied the sale, but also possession of heroin. In fact, he maintained he was in New York City at the time of the alleged sale. Consequently, on this record it would be incongruous to conclude that the jury could reasonably disbelieve the investigator's testimony of the sale and still conclude the defendant had possession. It involved one instance, supported by the proof of one witness. The prosecution tried its case on the theory of an illegal sale. The defendant also in his summation took the position that it was a question of a sale or no sale. Furthermore, he made no objection and took no exception to the court's failure to charge. These facts are distinguishable from those of *People* v. *Malave* (21 N Y 2d 26) and *People* v. *Caldwell* (24 N Y 2d 797) relied on by defendant. We do not believe the law compels the submission of the crime of possession in every case where

there is also alleged a charge of sale. (*People* v. *Mussenden*, 308 N. Y. 558.) We have considered the remaining points raised by defendant and find it is unnecessary for us to comment on them, as they are without substance. Judgment affirmed. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.