■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES T. NELSON, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered December 30, 1976, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the sixth degree. Defendant was arrested following his sale of a controlled substance to an undercover police officer. The sale had been arranged by means of a

telephone conversation between the defendant and an informant. Although the informant was not produced as a witness, his permission to record that call was related, over defendant's objection, by the officer who had recorded it and a tape of the conversation was introduced as an exhibit at the trial. On this appeal from his conviction, defendant contends that (1) the tape recording was inadmissible as founded on hearsay testimony; (2) the failure of the prosecution to produce the informant as a witness entitled him to a charge that the informant's testimony would have been adverse to the People's case; and (3) the prosecution exceeded permissible boundaries of inquiry in the redirect examination of a police officer. We find these contentions to be without merit. The unavailability of the informant at trial poses no constitutional barrier to the introduction of the recording (see, e.g., *United States v White,* 401 US 745) and exclusion predicated on a lack of consent and need for a warrant is a question that should have been resolved prior to trial (CPL 700.05, subd 3; 710.20). In any event, defendant's complaint was not that the recording had been procured in an illegal manner; rather, that establishing the consent of one of the parties to the conversation was a precondition to its admissibility which could not be based on hearsay. We know of no such requirement and, assuming the officer's statements concerning the informant's permission constituted hearsay, any error in receiving his words was plainly harmless since the evidence of the sale and defendant's participation in it was overwhelming *(People v Crimmins,* 36 NY2d 230). Next, the record demonstrates that the informant was equally available to the defendant, who knew of his whereabouts, and that he was not under the People's control at the time of the trial (see *People v Hood,* 46 AD2d 837). Lastly, the questions propounded by the People on the redirect examination of a police officer were entirely proper and were asked without objection *(People v Harvey,* 34 AD2d 857). Judgment affirmed. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.