## State of Vermont v. Gene Welch

[394 A.2d 1115]

No. 169-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed September 11, 1978

Mandate Stayed for 30 days from October 2, 1978; October 5, 1978

Motion for Stay of Mandate Denied October 31, 1978

*Gregory W. McNaughton,* Washington County State's Attorney, Montpelier, for Plaintiff.

*James L. Morse,* Defender General, *Charles S. Martin,* Appellate Defender, and *William A. Nelson* (On the Brief), Montpelier, for Defendant.

**Billings, J.** This is an appeal from a judgment of the district court after a trial by jury, convicting the defendant of operating a vehicle on a highway while under the influence of intoxicating liquor. 23 V.S.A. § 1201(a)(2). The issues on appeal revolve around the processing of the defendant at the police station after he was detained.

■ Defendant first claims that his responses refusing to consent to a breath test were compelled testimonial communications, which the trial court erroneously admitted into evidence in violation of his privilege against self-incrimina-

tion. U.S. Const. amends. V, XIV; Vt. Const. ch. I, art. 10. We have disposed of this claim in our recent decision, *State v. Brean*, 136 Vt. 147, 385 A.2d 1085 (1978), where we stated:

> We hold that the admission of refusal evidence, as expressly authorized by 23 V.S.A. § 1205(a), does not violate defendant's privilege against self-incrimination. . . .

*Id.* at 152, 385 A.2d at 1088.

Defendant next claims that the failure of the police to advise him of an alleged right to counsel to assist him in deciding whether to take a breath test denied him a right to counsel at a critical stage of the criminal proceeding in violation of his federal constitutional rights. U.S. Const. amends. VI, XIV. Because of this alleged violation, defendant asserts that evidence of his refusal was inadmissible at trial.

On this claim of error, defendant faces an initial insurmountable obstacle. We have perused the record with care, and we find that this point was not presented to the court below. It is the established rule in this jurisdiction not to consider questions that have not been raised below. *State v. Hood*, 123 Vt. 273, 277, 187 A.2d 499, 502 (1963); V.R.Cr.P. 51. At oral argument, however, defendant has urged us to consider the claimed error under the so-called "plain error" rule. *State v. Morrill*, 127 Vt. 506, 253 A.2d 142 (1969); V.R.Cr.P. 52(b). We decline to do so.

The plain error rule should be invoked only in the most exceptional circumstances. Reporter's Notes, V.R.Cr.P. 52(b), at 170. Fairness and judicial economy mandate that any questioned ruling be brought to the attention of the court below in a manner to give notice of the difficulty and an opportunity for correction. If the rule were otherwise, counsel might at times be tempted to remain silent about some fault on the part of the trial court, and so, without giving it a chance to correct the situation, arm themselves with ground for reversal if the verdict should go against them. See *State v. Hood, supra*, 123 Vt. at 277–78, 187 A.2d at 502.

For us to reach defendant's right to counsel claim, we must find that this is one of those rare and extraordinary cases where a glaring error occurred during trial that was so grave and serious that it strikes at the very heart of defendant's constitutional rights. *State* v. *Morrill, supra,* 127 Vt. at 511, 253 A.2d at 145. Citing *State* v. *Welch,* 135 Vt. 316, 376 A.2d 351 (1977), defendant argues that a request to submit to a breath test is a critical stage of the criminal proceeding at which a right to counsel arises, and so also a right to be advised of the right to counsel. See 135 Vt. at 318–22, 376 A.2d at 353–55. *Welch,* however, held only that police officials may not, without reason, deny access between defendant and his lawyer, when a lawyer is requested and is readily available. 135 Vt. at 322, 376 A.2d at 355. In the opinion we noted the "immense difference" between a failure to advise a defendant of his right to counsel and a refusal to allow him ready access to counsel after he has requested same. 135 Vt. at 319, 376 A.2d at 353. The decision cannot be read as holding that a request to submit to a breath test is a critical stage in the federal constitutional sense. Moreover, we note that the right to refuse to take the test is solely a creature of statute; there is no constitutional right to refuse. *State* v. *Brean, supra,* 136 Vt. at 152, 385 A.2d at 1088. In summary, we find no error so glaring and grave that it strikes at the very heart of defendant's constitutional rights. Nor have we any reasonable basis for a fear that injustice has been done. See *State* v. *Hood, supra,* 123 Vt. at 278, 187 A.2d at 502. Thus, we decline to reach defendant's right to counsel claim.

Finally, defendant asks that the cause be remanded for a determination of whether he made a timely request to consult with counsel; he seeks to invoke the prior *Welch* decision, 135 Vt. 316, 376 A.2d 351. Again we note that this point was not raised below. Moreover, *State* v. *Welch* was decided June 7, 1977, after the proceedings here at issue took place. We decline to give *Welch* retroactive effect. Cf. *Adams* v. *Illinois,* 405 U.S. 278 (1972) (right to counsel at preliminary hearing not given retroactive effect). In any event, 23 V.S.A. § 1202(b), as amended in 1977, mandates that a person who is requested by a law enforcement officer to submit to a chemical test shall have the right to consult an attorney prior to deciding

whether or not to submit to the chemical test. The person must decide whether to take the test within a reasonable time but no later than thirty minutes from the time of the initial attempt to contact the attorney.

*Affirmed.*