### State of Vermont v. Victor J. Wall

[408 A.2d 632]

No. 161-78

Present: Barney, C.J., Daley, Larrow and Hill, JJ., and Smith, J. (Ret.), Specially Assigned

Opinion Filed September 17, 1979

483

483

*M. Jerome Diamond,* Attorney General, and *Richard A. Unger,* Assistant Attorney General, Montpelier, and *Raymond G. Bolton,* Bennington County State's Attorney, Bennington, for Plaintiff.

*Crispe & Crispe,* Brattleboro, and *Matthew J. Forstadt* and *David P. Burke* of *Fain, Fraulo, Forstadt & Grushkin, P.C.,* Stamford, Connecticut, for Defendant.

**Daley, J.** The defendant appeals from his conviction, after trial by jury, of operating a motor vehicle upon a highway, while under the influence of intoxicating liquor, in violation of 23 V.S.A. § 1201(a)(2). We affirm.

The record shows the following: On a clear, summer night in July, 1977, a police officer in the village of Bondville, Vermont, saw a Lincoln Continental weave back and forth across the center line and then, as the road curved, continue straight ahead, slamming into four guard rails in the left lane. The officer rushed to the vehicle, which the driver, the defendant here, was attempting to drive away. The defendant was unsuccessful, however, because the impact had immobilized the car. After the door was jarred loose, the defendant stumbled out. His breath smelled strongly of alcoholic beverages and his eyes were bloodshot. The officer asked him if he wished to see a doctor. He indicated that he was not injured and refused medical assistance. After examining him for injuries and finding none, the officer took him into custody.

At the police station, the defendant was read *Miranda* warnings and asked to take a breath test. The defendant was advised, consistently with 23 V.S.A. § 1205(a), that if he refused the breath test it would not be administered but such refusal might be used as evidence against him in a criminal proceeding. He pleaded with the officer to charge him with something other than D.W.I. and initially declined to take the breath test. He refused to sign a *Miranda* form waiving his rights and stated that he would not answer any questions until after he had consulted with an attorney. After he failed to reach the lawyer he wanted, he agreed to the test. He also verbally permitted the officer to question him. During the ensuing interrogation, he admitted that he thought he was under the influence. The breath test results showed a blood alcohol content by weight of .20 per cent.

The defendant first claims that the warning that evidence of a refusal might be used against him in a criminal proceeding is erroneous because such evidence is actually inadmissible by virtue of the Fifth Amendment. He did not raise this claim below, but nonetheless urges our consideration on the ground of "glaring error." In *State* v. *Brean,* 136 Vt. 147, 385 A.2d 1085 (1978), we held that such evidence does not violate the privilege against self-incrimination. In *State* v. *Welch,* 136 Vt. 442, 394 A.2d 1115 (1978), we reiterated that holding. See also *Welch* v. *District Court,* 594 F.2d 903 (2d Cir. 1979); *City of Westerville* v. *Cunningham,* 15 Ohio St. 2d 121, 239 N.E.2d 40 (1968); *People* v. *Sudduth,* 65 Cal.

2d 543, 421 P.2d 401, 55 Cal. Rptr. 393 (1966) (Traynor, C.J.); Annot., 87 A.L.R.2d 370, § 5 (1963). We find no reason to again consider the issue, especially where the defendant not only consented rather than refused but also failed to raise the objection at trial.

The defendant next claims that the court erred in admitting the breath test results and his statements to police. He proffers two grounds. First, he renews his objection, made in the lower court, that he lacked the capacity to "knowingly and intelligently" consent to the breath test and to waive his rights. He contends that a blow to the head, sustained during the accident, caused a concussion, thereby incapacitating him and making any consent to waiver "involuntary," in the sense that it could not have been "knowingly and intelligently" made. His second objection, which he raises here for the first time, is that his right to remain silent was violated by the resumption of questioning after he had refused to sign a waiver and refused to answer questions until he consulted with his attorney.

The question of capacity was raised below by motion to suppress. Upon pretrial hearing, the court concluded that the waiver and the consent were knowingly and intelligently given. On appeal, the defendant asserts that the court's conclusion is not supported by the findings and that it is inconsistent with the evidence.

In support of his motion below, the defendant offered two affidavits. One was from a physician who saw him two days after the accident. The doctor stated that he was "dizzy and stunned" at the time of the accident and that he was then probably suffering from a concussion. The other affidavit was prepared by the defendant himself. It too recited that he was "dizzy and stunned." The defendant buttressed his claim of concussion and resulting incapacity by pointing to State's evidence that he stumbled as he got out of his car, that his words to the officer were slurred, and that, at one point, he stepped out of the police cruiser and staggered onto the travelled portion of the highway. In rejecting the defendant's claim, the court found that, at the time of the accident, he denied injury and refused medical assistance, that the officer found no sign of injury, and that the defendant ex-

486

ercised the very rights which he claimed to lack the capacity to waive.

The weight and sufficiency of the evidence as well as the credibility of the witnesses and the persuasive effect of their testimony is for the trial court. Its determination must stand if supported by credible evidence, although there may be inconsistencies or even substantial evidence to the contrary. *State* v. *Rocheleau*, 131 Vt. 563, 574, 313 A.2d 33, 41 (1973). Unless it can be said as a matter of law that the court's determination was wrong, it must stand. *Id.; State* v. *Goyet*, 120 Vt. 12, 36, 132 A.2d 623, 639 (1957). Although the question of capacity was controverted, the court's conclusion is supported both by its findings and the evidence. We find no error.

The defendant's next claim is that his right to remain silent was violated by police procedure, a contention which he initiates here. In urging error, he argues in essence that the police failed to honor his decision to remain silent. Because this issue was not raised below, however, it will not be considered here in the absence of glaring error.

"Where an error is 'a glaring error . . . so grave and serious that it strikes at the very heart of [a defendant's] constitutional rights,' failure to raise it in the trial court will not bar its assertion here." *State* v. *Kasper*, 137 Vt. 184, 191, 404 A.2d 85, 89 (1979). In such a case, the "defect should be noticed by the trial judge sua sponte . . . ." *Id.* We do not find such error in the defendant's claim of procedural violations of his *Miranda* rights. No evidence of coercion or undue influence appears in the record. Indeed, to the contrary, the record shows that the defendant was questioned with his consent. In these circumstances, we do not find "glaring error."

The defendant's following claims, which were not presented to the trial court, are also waived. They are that the trial court erred in not submitting the issue of his waiver of *Miranda* rights to the jury and in admitting evidence that the defendant was advised that he could have an independent blood sample taken. We have examined the record, but we find no error so glaring and grave that it strikes at the very

heart of his constitutional rights. Nor is there any reasonable basis for a fear that injustice has been done.

Finally, the defendant claims error in the court's instructions to the jury. He objects to that part of the charge that if the jury found him to be in the slightest degree under the influence, it would be enough to sustain a conviction under 23 V.S.A. § 1201(a), which makes it an offense to operate a motor vehicle while under the influence of intoxicating liquor. The court's charge, however, was correct under our holding in *State* v. *Storrs,* 105 Vt. 180, 185, 163 A. 560, 562 (1933).

*Judgment affirmed.*