## State of Vermont v. Paul E. Stockwell

[453 A.2d 1120]

No. 136-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed November 2, 1982

*John A. Rocray,* Windham County State's Attorney, and *William E. Kraham,* Deputy State's Attorney, Brattleboro, for Plaintiff-Appellee.

*Andrew B. Crane,* Defender General, *William A. Nelson,* Appellate Defender, and *Nancy E. Kaufman,* Montpelier, for Defendant-Appellant.

Peck, J. The defendant was charged with operating a motor vehicle on a public highway while under the influence of intoxicating liquor in violation of 23 V.S.A. § 1201(a)(2). He was convicted after a trial by jury, and now appeals to this Court. We affirm.

There are two issues presented by defendant for our review: first, whether the trial court erred in giving the so-called "slightest degree" instruction to the jury; second, whether the admission into evidence, without objection, of the implied consent form, and the testimony of the arresting officer that defendant had a blood sample taken for analysis, again without objection, constituted glaring error.

Shortly after midnight on November 4, 1980, a Brattleboro, Vermont, police officer on motor patrol observed an Oldsmobile make a sudden right turn and cross briefly into the wrong lane at an intersection of two streets in Brattleboro. A short time later, at another intersection, the vehicle made a sweeping U-turn and started to return in the direction from which it had come. At this point the officer turned on the blue lights of his patrol car and stopped the vehicle; the defendant, a middle-aged man, was the driver. A woman passenger was with him in the car, and later testified on his behalf at trial.

The officer noticed a strong odor of alcoholic beverage on the defendant. He testified at trial that the defendant refused to perform a field sobriety test, claiming that he had poor balance. The officer also testified that the defendant's eyes were bloodshot and watery, that he was swaying as he spoke to the officer, and that he slurred his words when he took a speech test.

After placing the defendant under arrest the officer took him to the Brattleboro police station where the defendant signed forms acknowledging that he understood both his *Miranda* rights and his rights under the implied consent law. 23 V.S.A. § 1202. The implied consent form stated in relevant part "If you take the test, an extra sample will be held by the State Health Laboratory for the next 30 days for independent analysis at your request." The defendant spoke with his law-

yer and then took a breath alcohol test. The implied consent form was later admitted into evidence at trial without objection by defense counsel. In addition, testimony by the officer that he took the defendant to the hospital for an independent blood test was admitted without objection by defense counsel.

At trial, the arresting officer testified that he was of the opinion that the defendant was under the influence of intoxicating liquor to a moderate degree at the time he was apprehended. A chemist testified for the State that the defendant had a blood alcohol level of between 0.16 and 0.165 percent at the time he was stopped. The defendant took the stand in his own behalf, attempting to rebut much of the State's evidence. The jury found him guilty nevertheless, and this appeal followed.

██ The defendant contends first that the trial court erred in instructing the jury that if it found the defendant to be under the influence of intoxicating liquor *in the slightest degree* such a finding would be enough to sustain a conviction under 23 V.S.A. § 1201(a)(2). This instruction has been approved in a number of prior cases, e.g., *State v. Storrs*, 105 Vt. 180, 185, 163 A. 560, 562 (1933), but we recently narrowed the range of situations in which it may be given properly. *State v. Carmody*, 140 Vt. 631, 638, 442 A.2d 1292, 1295 (1982). The "slightest degree" instruction may be used only "in cases where testimony supports a claim of loss of control of physical and mental faculties, and not where the evidence deals solely with the chemical level of alcohol." *Id.*

██ Here the instruction was given without error. The testimony of the police officer constituted evidence of a loss of control of physical and mental faculties. It is the function of the trial judge to determine that such evidence exists; once he makes this determination he is free to give the instruction. The trial judge here had a sound basis for giving the instruction, and committed no error in doing so.

The defendant's second claim on appeal is that the admission of the implied consent form constitutes glaring error requiring reversal and a new trial. We disagree.

██ The admission of the implied consent form over defense counsel's objection is generally reversible error re-

quiring reversal. *State* v. *Raymond,* 139 Vt. 464, 468, 431 A.2d 453, 455 (1981). However, in this case defense counsel made no objection when the form was admitted into evidence, and he failed to raise the issue of its admissibility until after the trial was completed. A claim of error not raised below will be considered on appeal only if it satisfies the "glaring error" test: the error must be "so grave and serious that it strikes at the very heart of the respondent's constitutional rights." *State* v. *Morrill,* 127 Vt. 506, 511, 253 A.2d 142, 145 (1969). Further, to be considered by this Court the error must be a defect which should have been noticed by the trial judge sua sponte. *State* v. *Kasper,* 137 Vt. 184, 191, 404 A.2d 85, 89 (1979). "If the rule were otherwise, counsel might at times be tempted to remain silent about some fault on the part of the trial court . . . and so, without giving it a chance to correct the situation, arm themselves with ground for reversal if the verdict should go against them." *Id.* at 190–91, 404 A.2d at 89 (quoting *State* v. *Hood,* 123 Vt. 273, 277–78, 187 A.2d 499, 502 (1963)).

■ In this case the admission of the implied consent form, to which the defendant did not object below, does not rise to the level of glaring error. We have held that, absent other exacerbating circumstances, the admission of evidence that a defendant was informed he could have an independent blood sample drawn is not such glaring error that it strikes at the heart of his constitutional rights. *State* v. *Wall,* 137 Vt. 482, 486–87, 408 A.2d 632, 635 (1979). Having in mind that the implied consent form contains only one sentence which could have alerted the jury to the fact that an extra sample was available to the defendant for his independent analysis, we see no such meaningful distinction between the information *expressly* furnished to the jury in *Wall,* and the form here, as to compel a holding that admission of the form is glaring error whereas the evidence in *Wall* was not.

Additionally, this case is not one where the trial was tainted with impermissible and prejudicial inferences. There was no mention in the charge to the jury and no prolonged testimony concerning the second sample as in *State* v. *Garvey,* 133 Vt. 29, 329 A.2d 662 (1974) (such testimony and charge together rose to the level of glaring error). There was no closing argu-

ment made by the prosecutor dealing with the disposition of the defendant's second sample as in *State* v. *McSheffrey,* 131 Vt. 329, 336, 306 A.2d 702, 706 (1973) (an improper and prejudicial argument about the lack of evidence of results of the independent test threatened the right of the defendant to a fair and impartial trial). There was no improper instruction by the court to the jury as in *State* v. *Conti,* 132 Vt. 83, 87–88, 315 A.2d 261, 263–64 (1974) (improper instruction held to be glaring error).

We hold that the mere admission of the implied consent form, without objection and without more, does not, within the context of the trial as a whole, rise to the level of glaring error. Accordingly, it falls well within the general rule that even constitutional issues not raised below will not be considered by this Court. *State* v. *Prue,* 138 Vt. 331, 332, 415 A.2d 234, 234 (1980) ; *Cleveland* v. *Department of Employment Security,* 138 Vt. 208, 211, 414 A.2d 1157, 1159 (1980).

The defendant also argues that the testimony of the arresting officer that the defendant had a blood sample taken for analysis after his arrest constitutes glaring error requiring reversal. We disagree. Again, defense counsel did not object to or move to strike this testimony. The testimony was not fully developed by the State but was merely the answer to a general question asked by the prosecution. It was not referred to in closing argument, nor was it the object of improper instructions by the court. It does not rise to the level of glaring error which interfered with the defendant's right to a fair trial, and does not, by itself, require reversal. *State* v. *Wall, supra; State* v. *Prue, supra.*

*Affirmed.*