### State of Vermont v. James Emilo

[501 A.2d 1188]

No. 84-540

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed September 6, 1985

*Richard G. English*, Addison County State's Attorney, Middlebury, for Plaintiff-Appellee.

*Sessions, Keiner & Dumont*, Middlebury, and *Henry Hinton*, Appellate Defender, Montpelier, for Defendant-Appellant.

**Hill, J.** The defendant, James Emilo, appeals from his conviction for recklessly endangering another person, a violation of 13 V.S.A. § 1025. We affirm.

The defendant was convicted following a court trial. The court's findings, which are supported by the evidence presented at trial, reveal that the defendant pulled a loaded twenty-two magnum revolver from a holster that he was wearing and pointed the weapon at a Middlebury police officer. At the time, the officer was in his police cruiser in close proximity to the defendant. The defendant said to the officer: "If you don't leave me alone, I'll kill you." Based on these facts, the court found the defendant guilty of recklessly endangering another person.

■ A violation of 13 V.S.A. § 1025 occurs when a person "recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 13 V.S.A. § 1025. This Court has held "that the Legislature, when it enacted 13 V.S.A. § 1025, intended to proscribe conduct which would place the victim in actual danger of death or serious bodily injury, not mere apparent danger." *State* v. *McLaren*, 135 Vt. 291, 293, 376 A.2d 34, 36 (1977). Consequently, whether a "firearm was unloaded or was otherwise inoperative is an essential issue in determining whether the victim was placed in an objective state of danger of death or serious bodily harm." *Id*. Whether the victim was placed in such a state of danger is an issue of fact. *Id*. at 294, 376 A.2d at 36.

■ Based on *State* v. *McLaren*, defendant argues that the officer was not placed in an objective state of danger. Defendant claims that because the gun used was a single action revolver, which requires that it be manually cocked before the trigger would operate, the mere pointing of the gun at the officer did not place him in an objective state of danger. The court, however, sitting in this case as the trier of fact, found otherwise. As the determination of whether the victim was placed in danger is left to the trier of fact, *id*., it must stand if supported by credible evidence. *State* v. *Wall*, 137 Vt. 482, 486, 408 A.2d 632, 635 (1979). We find

no error as a matter of law in the court deciding that the officer was placed in danger by being threatened with a loaded but uncocked revolver.

The defendant also claims that the court erroneously based its decision on a finding that the defendant's actions placed the officer in fear of death or serious bodily injury, rather than on a finding that the officer was actually placed in such danger.

The basis of this claim arises from an exchange which took place between the defendant's counsel and the court during the defendant's closing argument. Although the court, at that time, raised the issue by questioning why the victim would take a defensive position if he was not placed in danger, both the court and the defendant's counsel later agreed that the victim's fear was not an issue in determining whether a violation of 13 V.S.A. § 1025 had occurred. Any misunderstanding of the requisite elements of the offense had thus been cleared up and we find no basis for the defendant's claim of error.

*Affirmed.*