## State of Vermont v. Eldon Sanford

[108 A2d 516]

May Term, 1954.

Present: Sherburne, C. J., Jeffords, Cleary, Adams and Chase, JJ.

Opinion Filed October 5, 1954.

*Henry F. Black*, *Peter P. Plante* and *George F. Ellison* for the respondent.

*Lewis E. Springer, Jr.*, State's Attorney, for the State.

**Sherburne, C. J.** This is a prosecution for operating an automobile on a public highway while under the influence of intoxicating liquor, an offense under the provisions of V. S. 47, §10,287, and comes here upon the respondent's exceptions after a verdict of guilty and judgment thereon. The only exception briefed is to the denial of respondent's motion for a directed verdict made at the conclusion of the State's case and renewed after the respondent had rested without introducing any evidence.

Viewed most favorably to the State the evidence tended to show the following facts: In response to information received at about 9:30 p.m. on May 23, 1953, while he was talking with two police officers in Windsor village, a State trooper, followed by these officers, immediately drove about three miles to a place on a gravel surfaced town cross-road about half a mile across the town line into Hartland and about a tenth of a mile from U. S. highway route 5, where they found a car with its front wheels driven off the left side of the road opposite a farmhouse and with its left rear wheel in the left hand ditch, and observed that the tire on the right rear wheel had gouged out the surface of the road to a depth of two or three inches, and that the left rear wheel was practically buried in the mud. The motor was not running, but they did not remember whether the ignition switch was on or off. They found the respondent lying asleep on the front seat with his buttocks under the steering wheel and his head on the seat near the right hand door, and they found some full and some empty beer bottles on the floor of the car, but did not count them. When they straightened the respondent up and removed him to the trooper's car they smelled the odor of alcohol, observed that his clothing was mussed up and that his eyes were bloodshot, and found him so

intoxicated that his knees would buckle and he couldn't stand up. Later, when examined by a doctor, the respondent said that he had had two small bottles of beer, that he had been driving the car and had started from White River Junction.

■■ There is no direct evidence that the respondent was under the influence of intoxicating liquor when he operated his automobile at the place and on the day alleged. When, as here, the evidence relied upon to show this fact is entirely circumstantial, the circumstances proved must exclude every reasonable hypothesis except that the respondent is guilty. *State* v. *Clark*, 118 Vt 131, 134, 101 A2d 868; *State* v. *Baker*, 115 Vt 94, 97, 53 A2d 53; *State* v. *Goodhart*, 112 Vt 154, 158, 22A2d 151; *State* v. *Foss*, 110 Vt 453, 454, 8 A2d 648; *State* v. *Rounds*, 104 Vt 442, 449, 160 A 249. Or, to put it differently, such evidence must be so cogent as to exclude every reasonable theory consistent with the respondent's innocence. *State* v. *Clark, supra*; *State* v. *Levy*, 113 Vt 459, 35 A2d 853; *State* v. *Boudreau*, 111 Vt 351, 361, 16 A2d 262. A verdict of acquittal should be directed on motion by the respondent, when the evidence raises only a suspicion of guilt, or leaves it uncertain or dependent upon conjecture. *State* v. *Clark, supra*; *State* v. *Levy, supra*; *State* v. *Rounds, supra*.

There is no direct evidence that the respondent drank any intoxicating liquor before he drove off the road, nor is there any evidence as to the length of time he had been there after the motor stopped running. For aught that appears he may have been there much longer than enough to get into the condition in which he was found by the officers. The evidence leaves it a matter of conjecture as to whether he was under the influence of intoxicating liquor when he operated his car, and is not so cogent as to exclude every reasonable theory consistent with his innocence. For holdings to like effect in somewhat similar cases see *Fowlkes* v. *Com.*, 194 Va 676, 74 SE2d 683; and *State* v. *De Bery*, Me, 103 A2d 526. It was error to deny respondent's motion for a directed verdict.

*Judgment reversed. Judgment that the respondent is not guilty, and he is discharged.*