### State of Vermont v. Walter Clark

[296 A.2d 475]

No. 10-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed October 3, 1972

*Paul F. Hudson,* State's Attorney, for Plaintiff.

*Parker & Lamb,* Springfield, for Defendant.

**Smith, J.** The defendant, Walter Clark, of Brownsville, Vermont, was charged with the offense of driving while under the influence of intoxicating liquor at Windsor, Vermont, on July 18, 1971. Jury trial was held before the Vermont District Court, Unit No. 6, Windsor Circuit, on October 29, 1971. At the close of the State's case, the defendant's motion for a directed verdict was granted by the trial court. On November 8, 1971, the State filed its motion for permission of the lower court to appeal under 13 V.S.A. § 7403. Permission was granted on January 4, 1972, and the case is here with the State as the appellant.

We note from the record before us that although the lower court informed the jury that it was removing the cause from their deliberations and was directing a verdict in favor of the defendant, it did not select one of the members to act as foreman and have him sign a verdict in accordance with the direction. This is the usual and proper procedure for a court to follow when a verdict is directed. However, despite

the lack of such formality, we will proceed to determine the questions presented by the briefs before us.

It is clear from the record that the motion of the defendant for a verdict to be directed in his favor, made at the close of evidence in the case of the State, was granted by the trial judge on the authority of *State* v. *Sanford,* 118 Vt. 242, 244, 108 A.2d 516 (1954). *Sanford* states:

> "A verdict of acquittal should be directed on motion by the respondent, when the evidence raises only a suspicion of guilt, or leaves it uncertain or dependent upon conjecture."

The fact that the lower court directed a verdict in favor of the defendant upon the authority of *State* v. *Sanford, supra,* is binding upon this Court if the record before us discloses any legal ground which would justify the granting of the motion.

> "Our rule is that we will affirm a ruling of a trial court upon any legal ground shown by the record, even though the ground may not have been raised below and may not be briefed." *Fuller* v. *Rutland,* 122 Vt. 284, 286, 171 A.2d 58 (1961).

Viewed in the light most favorable to the State, the evidence showed the following factual situation. Police officers Robinson and Demond, of the Windsor Police Department went to the scene of an accident on Route 44. There they found a pick-up truck on its top, off the right hand side of the highway, with the defendant leaning against it. For some three hundred yards the highway at that point was straight. The defendant admitted that he was the driver, as well as the owner of the truck, and that the accident happened because of his falling asleep.

Both officers observed that there was a strong odor of alcoholic beverages on the breath of the defendant; that he was unsteady on his feet; his clothes were mussed up and his trousers were wet in the groin area, and his eyes were bloodshot. They had to help him up the bank at the base of which the truck was situated, and helped him into the police cruiser. Both testified that in their opinion the defendant was under the influence of intoxicating liquor. Neither officer testified to

any knowledge as to the exact time at which the accident occurred, nor how long the defendant had been in the wrecked vehicle before he got out of it. Measurements were made by the officers but no evidence was offered that they entered the overturned vehicle. There was no evidence as to when alcoholic beverages, if any, had been drunk by the defendant prior to the accident, nor as to the exact time of the accident.

In passing upon the motion for a directed verdict the test before the trial court was whether the State introduced evidence fairly and reasonably tending to show the defendant's guilt, or in other words, whether the jury, on the evidence, was justified in finding the defendant guilty beyond a reasonable doubt. *State* v. *Ciocca*, 125 Vt. 64, 73, 209 A.2d 507 (1965), and cases cited therein.

The undisputed direct evidence produced by the State was that the defendant was standing beside his wrecked vehicle; that he was under the influence of intoxicating beverages at the time that the officers arrived at the scene, and that he admittedly was the operator of the vehicle, and that he stated the accident had been caused by his falling asleep.

Entirely lacking in the presentation of the State was any evidence, direct or circumstantial, of the time when the defendant had the accident. While the State offered uncontested evidence that the defendant was under the influence of intoxicating liquor at the time the police officers found him standing beside his overturned vehicle, it offered no direct evidence that the defendant was under such influence at the time of the accident, which time, as we have already seen, was unknown.

> "Intoxication may be evidenced circumstantially by prior or subsequent condition within such a time that the condition may be supposed to be continuous." 2 J. Wigmore, Evidence (3d ed. 1940) § 235.

> "This accords with our rule that an inference may be and often is retroactive; a trier may from present conditions infer a previous fact." *Ackerman* v. *Kogut*, 117 Vt. 40, 44, 84 A.2d 131 (1951).

But it is obvious to have the inference of being under the influence of intoxicating liquor applied retroactively in the

present case that the burden was upon the State of showing by evidence that the accident caused by the defendant occurred within a time that the intoxicated condition, in which he was found at the scene, had been continuous since the accident time. This burden of proof was not met by the State, and its chain of evidence was broken. By the omission of this link in its chain of evidence, the State failed to prove the defendant guilty as charged beyond a reasonable doubt. Under the doctrine of *Fuller* v. *Rutland, supra,* we must, therefore, affirm the ruling of the trial court.

*Judgment affirmed.*