## State of Vermont v. Bruce W. Willette

[451 A.2d 821]

No. 432-80

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed September 7, 1982

*John J. Easton, Jr.*, Attorney General, *James R. Crucitti*, Assistant Attorney General, Montpelier, and *John R. Churchill*, Chittenden County Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*Andrew B. Crane,* Defender General, *William A. Nelson,* Appellate Defender, and *Nancy E. Kaufman,* Montpelier, for Defendant-Appellant.

**Billings, J.** Defendant appeals from a conviction after a trial by jury for driving while intoxicated in violation of 23 V.S.A. § 1201(a)(2). The sole question on appeal is whether the State failed to prove that the appellant was intoxicated at the time of operation of his motor vehicle.

■ This question requires us to view the evidence in the light most favorable to the State, free from modifying evidence. *State* v. *Dragon,* 135 Vt. 35, 36, 370 A.2d 218, 219–20 (1977). The evidence so viewed establishes that at 7:53 p.m. on September 16, 1980, a state trooper discovered a car parked facing south in the northbound passing lane of I-89, near Bolton Flats, Vermont. None of its lights or emergency flashers were on, nor were flares or other warnings displayed to alert oncoming traffic. The right front tire was flat with the rim resting on the ground. The trooper noticed nine beer bottles, one full the others empty, scattered around the passenger compartment.

A second trooper, who arrived shortly thereafter, went in search of the missing driver. The defendant was found about a quarter of a mile away walking in the breakdown lane. The trooper observed that the defendant was walking slowly and staggering; his eyes were watery and very bloodshot; he had a strong odor of intoxicants on his breath; and he was very happy although confused as to where he was and in what direction he was headed. Based on observations of the defendant and his performance on dexterity tests, one of the troopers testified that he was of the opinion that the defendant was intoxicated.

Defendant admitted that he was the person who had parked his car where it was found. He told the police that he was driving his car in the proper direction in the southbound lane until he got a flat tire, at which time he decided to cross over to the northbound lane because the traffic seemed lighter there and, therefore, would be a better place to park.

Both at the end of the State's case and upon the conclusion of the trial the defendant moved for a judgment of acquittal

for failure to prove time of operation. The motions were denied.

■ The defendant claims that the State never produced any evidence of the time of operation and that such evidence is necessary to permit the jury to infer that the intoxicated condition of the defendant was continuous from the time of operation until the time he was discovered by the police. As a general proposition we agree with the defendant. See *State* v. *Levesque*, 132 Vt. 585, 588, 326 A.2d 174, 176 (1974) ; *State* v. *Clark*, 130 Vt. 500, 503, 296 A.2d 475, 477 (1972). But, although proof of time of operation may be necessary in the usual case, it is not required if there is other reliable evidence which would indicate that the defendant was intoxicated while operating his motor vehicle. See *State* v. *Canerdy*, 132 Vt. 131, 136, 315 A.2d 237, 240 (1974).

In *State* v. *Canerdy*, the State also did not prove time of operation. In that case, the police came upon an accident involving an intoxicated driver which had occurred while there was fresh snow on the ground. The officer was able to observe, by the tire tracks in the snow, the path the car took leading up to the accident. The trooper testified that the tire tracks revealed that the car had been weaving severely as it traveled down the highway. In affirming the conviction, we held that "the path taken by defendant's automobile was a circumstance well within the province of the jury to consider as bearing upon the condition of the defendant at the time of the accident." *Id.*

■ The present case is very similar to the *Canerdy* case. As in *Canerdy*, there was no direct evidence of the time of operation, but there was very reliable circumstantial evidence that the defendant was intoxicated at the time of operation. His car was found parked facing the wrong direction in the passing lane of I-89 without its lights or flashers on. There was no evidence that the car could not be moved and had to be left where it was. Although it had a flat tire, the defendant stated he had driven on the flat in order to park the car there. The jury could have reasonably inferred that only someone with impaired judgment would have left a car, admittedly moveable, in a traveled portion of the interstate highway without warning lights. Given the intoxicated state of

the defendant when the police found him, his obviously impaired judgment in leaving the car where he did, and his admission that he was the driver, the jury could have concluded that the defendant was intoxicated at the time he drove the car to the location where it was found. Therefore, the State had established a prima facie case, and the trial court was correct in denying the defendant's motions for judgment of acquittal.

Defendant's reliance on *State* v. *Clark, supra,* is misplaced. In that case the police, arriving at the scene of an accident, found the defendant intoxicated and leaning against his overturned truck. The defendant admitted operation and attributed the cause of the accident to his falling asleep at the wheel. On appeal we affirmed the trial court's directed verdict in favor of the defendant because the State failed to prove time of operation. Unlike the present case, there was no other evidence from which the trier of fact could have drawn an inference that the defendant was intoxicated while operating the vehicle. The accident itself was not such evidence; an unintoxicated person could also have had such an accident.

*Affirmed.*