State of Vermont v. Karl J. Poirier

[458 A.2d 1109]

No. 82-096

Present: Billings, Hill, Underwood and Peck, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed March 28, 1983

*Mark J. Keller*, Chittenden County State's Attorney, *Harold E. Eaton, Jr.*, Chief Deputy State's Attorney, and *Thomas Fitzpatrick*, Law Clerk (On the Brief), Burlington, for Plaintiff-Appellee.

*Thomas J. Donovan*, Burlington, for Defendant-Appellant.

**Peck, J.** This is an appeal by defendant from a jury verdict which found him guilty of four offenses: manslaughter (13 V.S.A. § 2304); driving under the influence with a fatal accident resulting (23 V.S.A. §§ 1201(a)(2), 1210(b)) (hereinafter DUI/Fatal); driving while license suspended (23 V.S.A. § 674); and driving while intoxicated with injuries resulting (23 V.S.A. §§ 1201(a)(2), 1210(b)).

Defendant's appeal raises four issues for our review. The first is whether the trial court erred in denying defendant's motion to elect between charges; second, whether defendant's motion for judgment of acquittal was properly denied; third, whether the charge to the jury was erroneous; and fourth, whether the defendant's motion for a new trial based on newly discovered evidence was properly denied. We find no error and accordingly affirm the conviction.

At approximately 7:00 p.m. on June 13, 1981, defendant was driving an orange Pinto southbound on Route 7 in Colchester, Vermont. A friend was driving a blue station wagon on the same route, and the two cars were speeding, passing each other and banging bumpers. While travelling up a hill defendant pulled out illegally into the northbound lane to pass the station wagon. In doing so, he ignored a no-passing sign and solid double yellow lines.

A motorcycle was travelling north in the northbound lane, and defendant's car hit it head-on. The driver of the motorcycle and his passenger, both off-duty police officers, were thrown into the air and were struck again by the defendant's car as well as by the blue station wagon. The driver of the motorcycle received fatal injuries and died almost immediately from a loss of blood. The passenger sustained head, leg and arm injuries. Witnesses testified that defendant attempted to leave the scene of the accident by driving his car across a field, but failed in the attempt when he was unable to get back onto the road.

The police officer investigating the accident noticed that defendant smelled of alcoholic beverages, had bloodshot eyes and slurred speech, and had difficulty walking. At the police station defendant took a breath test, and the result showed a blood-alcohol content of approximately 0.26%.

At the conclusion of the State's case, and again at the close of all the evidence, defendant moved for a judgment of acquittal. V.R.Cr.P. 29.

After the jury found defendant guilty and the trial concluded, two new witnesses to the accident called the state's attorney. Although they had identified themselves to the investigating officer, their names were not on the list of witnesses given to the prosecutor's office. The state's attorney notified defense counsel of the existence of these witnesses, and defendant moved for a new trial based on newly discovered evidence. The trial court reviewed the depositions of the witnesses and denied the motion.

On appeal defendant claims that the trial court erred in denying his motion to require the state's attorney to elect between the charges of manslaughter and DUI/Fatal. We disagree, since these two crimes contain different elements. "[T]he same act may constitute two separate crimes, and, if they are not so related that one of them is a constituent part, or necessary element, in the other, so that both are in fact one transaction, a prosecution and conviction may be had for each offense." *State* v. *Parker*, 123 Vt. 369, 371, 189 A.2d 540, 541–42 (1963).

Here, the same act constituted two separate crimes: manslaughter and DUI/Fatal. Manslaughter and DUI/Fatal are not so related that either of them is necessarily a constituent part of the other. We have defined involuntary manslaughter as a killing "caused by an unlawful act, but not accompanied with any intention to take life." *In re Estate of Mahoney*, 126 Vt. 31, 35, 220 A.2d 475, 478 (1966). In this case defendant committed several independently unlawful acts. He disregarded the no-passing sign, drove illegally in the lane of oncoming traffic and struck the motorcycle head-on. He was driving while under the influence. These illegal acts resulted in death and the jury found defendant guilty of manslaughter.

■■■ Although the charges of DUI/Fatal and manslaughter arose from the same act, DUI/Fatal is not a constituent part of manslaughter, nor does it necessarily contain the same elements. DUI/Fatal requires the death of a person resulting from the defendant's operation of a vehicle on a highway while under the influence of intoxicating liquor. 23 V.S.A. §§ 1201, 1210. Thus, an essential element of DUI/Fatal is that the defendant be under the influence. Manslaughter does not require this element; it merely requires an illegal act with death resulting. In theory, at least, the jury might have acquitted defendant of manslaughter, without affecting a guilty verdict on the DUI/Fatal charge, and vice-versa. Another person, under otherwise similar circumstances, might well be convicted of manslaughter even though he had not been drinking at all. DUI/Fatal is not a lesser included offense of manslaughter, nor is driving under the influence an essential element of the latter; they are separate and distinct offenses. Accordingly, a jury may find a defendant guilty of both crimes, although the same act gave rise to each.

■■■ The second issue presented for our review is whether the defendant's motion for judgment of acquittal was properly denied.

> The sole issue raised by such a motion is whether the prosecution has introduced evidence fairly and reasonably tending to show the defendant's guilt, that is, whether the jury on that evidence would be justified in finding guilt beyond a reasonable doubt.

*State* v. *Burclaff,* 137 Vt. 354, 357–58, 404 A.2d 512, 514 (1979). Further, in resolving this issue we must review the facts in the light most favorable to the State. *State* v. *Driscoll,* 137 Vt. 89, 100, 400 A.2d 971, 978 (1979).

■■ Applying this standard to the facts of the instant case, we note that the State introduced evidence that defendant had a blood-alcohol level of 0.26% and showed physical characteristics symptomatic of intoxication, that he was passing illegally, that he struck the motorcycle in the motorcycle's lane of traffic, and that as a result of the collision the motorcycle driver was killed and the passenger was injured. On this evidence the jury was justified in finding defendant guilty beyond

a reasonable doubt on all four counts. The motion for judgment of acquittal was properly denied.

■ The third issue presented is whether the court's charge to the jury was erroneous. Defense counsel did not object to the charge at trial, so we can consider the issue "only if it satisfies the 'glaring error' test: the error must be 'so grave and serious that it strikes at the very heart of the [defendant's] constitutional rights.' " *State* v. *Stockwell,* 142 Vt. 232, 236, 453 A.2d 1120, 1123 (1982) (quoting *State* v. *Morrill,* 127 Vt. 506, 511, 253 A.2d 142, 145 (1969)).

There is no such glaring error here. Defendant would have us isolate two sentences of a complete charge and, looking at them in such a vacuum, say that they change the reasonable doubt standard the State must overcome to merit a finding of guilt. We decline to do so. The allegedly erroneous portion of the charge dealt with contributory causation of death. The claim is that it could have misled the jury into understanding that defendant's mere involvement in the accident would be sufficient for conviction. He argues that under such misinformation the jury might apply the "preponderance of evidence" standard inapplicable to criminal cases. We are satisfied, however, that the charge as given, particularly when considered as a whole, was not misleading, and did not interfere with any of defendant's constitutional rights. Reversal is not warranted.

■ The fourth and final issue presented for our review is whether the trial court properly denied defendant's motion for a new trial based on newly discovered evidence. In order for a new trial to be granted on this ground, defendant must show:

> (1) that the evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since the trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issue; [and] (5) that it is not merely cumulative or impeaching.

*State* v. *Jackson,* 126 Vt. 250, 252, 227 A.2d 280, 282 (1967).

■ Here, defendant's proposed new evidence failed to meet this standard. The testimony of the two new witnesses as disclosed by their depositions was substantially identical to

that of several of the State's witnesses. Thus, the new evidence was merely cumulative and does not warrant a new trial. Further, the new evidence tended to support the State's case rather than defendant's, so it is extremely unlikely that it would change the result if a new trial were granted. Therefore, we find no error in the trial court's decision not to grant a new trial.

*Affirmed.*