### State of Vermont v. James Anderkin

[487 A.2d 142]

No. 83-262

Present: **Hill, Underwood, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed December 7, 1984

*William S. Bos,* Windsor County State's Attorney, and *Byron Kalogerou,* Law Clerk (On the Brief), Hartford, for Plaintiff-Appellee.

*Deborah S. McCoy,* Law Offices of *Bruce M. Lawlor,* Springfield, for Defendant-Appellant.

Hill, J. The defendant, James Anderkin, was charged with operating a motor vehicle while under the influence of intoxicating liquor (D.U.I.), in violation of 23 V.S.A. 1201(a)(2). It is from a conviction of that charge that he appeals. We affirm.

On December 23, 1982, at about 9:30 p.m., a police dispatcher received a report from the highway department concerning an accident on Route 143, near Route 5. It was a snowy evening. A police officer on patrol went to investigate. Upon arrival, he discovered the defendant in a car driven off the side of the road and into a gully. Mr. Anderkin identified himself as the operator of the vehicle.

Defendant was cut on his forehead, but refused medical assistance offered by the officer. Because of the bad weather, and the officer's observation that the defendant appeared to be intoxicated, the officer drove the defendant to the police station to complete an accident report and to further investigate whether the defendant was intoxicated. At the station, the officer explained to the defendant his *Miranda* rights, and after obtaining the defendant's consent, took breath samples in order to test for intoxication. The breath samples were later analyzed by both the State's and the defendant's chemists, both of whom testified at trial regarding the results. Based on the evidence presented at the trial, the jury found the defendant guilty as charged, and the court entered judgment on that verdict. On appeal, the defendant alleges two grounds for reversing his conviction: first, that the State failed to prove all the elements of the offense charged, and second, that cer-

tain evidence was erroneously admitted at trial in violation of the defendant's constitutional rights.

## I.

In a criminal trial, the State is required to prove beyond a reasonable doubt each element of the alleged offense. *In re Winship,* 397 U.S. 358, 364 (1970) ; *State* v. *Colby,* 139 Vt. 475, 479, 431 A.2d 462, 464 (1981). In the instant case, the defendant was convicted of violating 23 V.S.A. § 1201 (a) (2), which reads:

> (a) A person shall not operate, attempt to operate, or be in actual physical control of any vehicle on a highway while:
>
> . . . .
>
> (2) under the influence of intoxicating liquor ;

The defendant contends there was insufficient evidence presented at trial to prove beyond a reasonable doubt that he was operating the car while under the influence. We disagree.

There was evidence presented at trial, as part of the State's case, that the defendant admitted he was driving and that he stopped operating his car about ten p.m. In *State* v. *Clark,* 130 Vt. 500, 296 A.2d 475 (1972), this Court reversed a D.U.I. conviction because there was virtually no evidence presented as to the time of operation, and the State therefore failed to satisfy its burden of proof. In this case, however, unlike *Clark,* the evidence identifies the defendant as the operator at about the time of the accident. The State thus satisfied its burden on this ground.

Evidence was also presented regarding the defendant's state of sobriety at the time of operation. The police officer testified that when he arrived at the scene, the defendant seemed confused, was slurring his speech, was having difficulty with his balance, and was emanating a strong odor of alcohol. Furthermore, a chemist, qualified as an expert witness, testified that he had analyzed a breath sample taken at the police station around eleven p.m. and that by relating the results of this test back to the approximate time of operation, he computed the defendant's blood alcohol level at that time to

be above 0.10 percent. Although some of this evidence was contradicted at trial, it is the province of the jury to resolve such contradictions and decide whom to believe. *State* v. *Tenney,* 143 Vt. 213, 216, 464 A.2d 747, 748 (1983). It is not our function on appeal to replace the jury's judgment with our own. *Id.* The evidence was thus sufficient to establish all the elements of the offense charged.

## II.

The defendant's next claim of error is that the State failed to prove that the defendant made a knowing and intelligent waiver of his *Miranda* rights, and that absent such a waiver, there was evidence erroneously admitted at trial. The defendant contends that the accident resulted in a head injury which caused him to be confused and disoriented and thus unable to make a knowing and intelligent waiver of his *Miranda* rights.

 The burden of proving that a defendant knowingly and intelligently waived his *Miranda* rights is on the State. *State* v. *Badger,* 141 Vt. 430, 439, 450 A.2d 336, 341 (1982). In this matter, the State bears a "heavy burden as every reasonable presumption will be indulged against the waiver . . . ." *State* v. *Hohman,* 136 Vt. 341, 351, 392 A.2d 935, 941 (1978). This issue first arose at trial, when the defendant objected to the admission into evidence of certain statements he made to the police officer. In response to the objection, the State questioned the officer regarding the circumstances of the waiver. The officer testified that he read the defendant his *Miranda* rights, that the defendant asked no questions concerning them, and that the defendant seemed to understand them. Based on this testimony, the judge found that the defendant understood his *Miranda* rights, and that he made a knowing and intelligent waiver of them. There being substantial evidence in the record to establish the defendant's waiver, the State satisfied its burden and the judge committed no error in overruling the objection. See *United States* v. *Bentley,* 706 F.2d 1498, 1509 (8th Cir. 1983), *cert. denied,* 104 S. Ct. 107 (1983), and 104 S. Ct. 2397 (1984) (testimony of federal agents sufficient to support court's finding of waiver) ; *United States* v. *Zamora-Yescas,* 460 F.2d 1272, 1272 (9th Cir.) (per

curiam), *cert. denied,* 409 U.S. 881 (1972) (substantial evidence supporting waiver sufficient to uphold finding).

The defendant also contends that it was error for the judge to have made a finding regarding the waiver because such a finding is a factual determination which should have been for the jury to make. This claim, however, is being raised now, on appeal, for the first time. Having not been presented below for the trial judge to rule on, the claim of error is waived and we will not rule on its substance. *State* v. *Welch,* 136 Vt. 442, 444, 394 A.2d 1115, 1116 (1978). Where a claim of error has been waived, this Court will address it only when the circumstances indicate plain error has occurred. *Id.;* V.R.Cr.P. 52(b). Such can be found, however, only in exceptional circumstances where our failure to recognize a claim of error would result in a miscarriage of justice, see *United States* v. *Atkinson,* 297 U.S. 157, 160 (1936) ; *State* v. *Welch, supra,* 136 Vt. at 445, 394 A.2d at 1116, or "where a glaring error occurred during the trial and was so grave and serious that it strikes at the very heart of the respondent's constitutional rights." *State* v. *Morrill,* 127 Vt. 506, 511, 253 A.2d 142, 145 (1969). The error claimed fails to be of such glaring and grave dimensions. We therefore will not address it.

*Affirmed.*