## State of Vermont v. Harvey Turner

[491 A.2d 338]

No. 83-265

Present: Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed February 8, 1985

*Edward D. Fitzpatrick*, Grand Isle County State's Attorney, North Hero, for Plaintiff-Appellee.

*Daniel M. Albert*, Public Defender, St. Albans, for Defendant-Appellant.

**Gibson, J.** Defendant appeals from his conviction, following jury trial, of driving while under the influence of intoxicating liquor, a violation of 23 V.S.A. § 1201(a)(2). Defendant raises three issues on appeal: (1) the trial court erred in failing to grant his motion for mistrial after a police officer testified that defendant presented a "problem" when he exercised his right to consult an attorney before taking a breath test; (2) the State committed plain error in asking defendant during cross-examination if he realized he was violating the law by sipping beer while driving; and (3) the court erred in denying his motion for acquittal because the State failed to prove the time when defendant operated his vehicle. We affirm.

On August 28, 1982, at approximately 12:23 a.m., an unidentified caller informed the Vermont State Police dispatcher in St. Albans that a car was off the road, with a person inside, on Reynolds Road in Grand Isle. A trooper arrived 26 minutes later and found the car partly in a ditch, with defendant lying nearby in an extremely impaired state. Defendant admitted having been the driver at the time of the accident, which he confirmed had occurred approximately half an hour earlier. Based upon his observations, the trooper processed defendant for driving while under the influence.

I.

Defendant first claims that the trial court erred in failing to grant his motion for mistrial, after testimony by the police officer described defendant's refusal to take a breath test before speaking with an attorney as a "problem."

The question that elicited the objectionable answer was posed by the state's attorney as part of a line of questioning designed to show that the breath test had been properly administered:

Q: Did you have any problems taking the sample of Mr. Turner's breath?

A: Yes, I did.

Q: What were those problems?

A: He refused on two occasions to take the breath test. He refused on several occasions to sign any of the forms, and it wasn't until we contacted the Public Defender's Office and that he spoke with his attorney that he decided to take the breath test.

While from the witness's perspective the answer may have seemed responsive, from the state's attorney's perspective it was not. The state's attorney neither invited nor capitalized upon the statement, explaining that "the thrust of my question was only to get the fact that the crimp came through appropriately." The court denied defendant's motion for mistrial and gave the jury an extensive curative instruction that defendant's exercise of his right to consult with an attorney before making a decision was not to be considered by the jury in any way.

■■■ Motions for mistrial are addressed to the trial court's sound discretion and should not be granted absent a showing of prejudice. *State* v. *Chambers,* 144 Vt. 377, 381, 477 A.2d 974, 977 (1984). To support a claim of abuse of discretion, defendant must show that the court's discretion was either totally withheld or exercised on grounds clearly untenable or unreasonable. *Id.*

In support of his argument that prejudice in this case was "patent," defendant cites cases asserting a defendant's right to consult with counsel before submitting to a breath test. *State* v. *Gracey,* 140 Vt. 199, 436 A.2d 741 (1981); *State* v. *Duff,* 136 Vt. 537, 394 A.2d 1145 (1978); *State* v. *Welch,* 135 Vt. 316, 376 A.2d 351 (1977). However, a witness's mere reference to invocation of this right as a "problem" does not violate this right, or necessarily prejudice defendant, particularly if a curative instruction is given by the court.

■■■ Since the court's instruction cured any harm that might have been inflicted, the trial court did not abuse its discretion by denying the motion for mistrial.

## II.

Defendant next claims that reversal is required because of an objectionable question asked during the State's cross-examination of defendant. On direct examination, defendant had claimed that his appearance of drunkenness derived from his job, in which he worked with trichlorethylene; he also admitted, in response to a question from his attorney about his drinking during the evening in question, that he "probably had one or two [beers] riding around." The exchange on cross-examination to which defendant objects proceeded as follows:

Q: Do you usually sip a beer when you're driving home?

A: Not all the time.

Q: But you did it last August?

A: I believe so.

Q: Did you know that that was against the law?

At this point, defendant objected and the court sustained the objection. Defendant expressly refused the court's offer of a curative instruction and did not move for a mistrial. Defendant concedes that, having failed to so move below, reversal is justified on this ground only if the fault rises to the level of "plain error." V.R.Cr.P. 52(b). Thus, the error must be obvious and strike at the very heart of defendant's constitutional rights or result in a miscarriage of justice if we were to fail to recognize it. *State* v. *Anderkin*, 145 Vt. 240, 245, 487 A.2d 142, 144 (1984).

This Court will find plain error only in rare and extraordinary cases. *State* v. *Towne*, 142 Vt. 241, 245, 453 A.2d 1133, 1135 (1982). As we have stated previously, defense counsel bears some responsibility to inform the court if he or she feels corrective action is necessary in order to cure an error. *State* v. *Durling*, 140 Vt. 491, 497, 442 A.2d 455, 458 (1981). If this Court were indiscriminately to entertain claims of error which defense counsel expressly—perhaps, strategically—declined to pursue before the trial court, it would encourage counsel, at times when correction is simple, to convey the impression that all is well while preparing to seek

reversal in the event of an adverse verdict. *State* v. *Hood,* 123 Vt. 273, 277–78, 187 A.2d 499, 502 (1963).

 The error claimed herein does not strike at the heart of defendant's constitutional rights nor has it been made to appear that it would be an injustice if we were to fail to recognize it. Assessing the impact of the question in the context of defendant's testimony as a whole, we conclude that the court's failure sua sponte to order a mistrial, or to deliver a curative instruction despite defendant's rejection of one, did not amount to plain error.

### III.

Defendant's final claim is that the court should have granted his motion for judgment of acquittal at the close of the State's case, V.R.Cr.P. 29(a), because the State did not prove the time at which defendant operated the vehicle.

In reviewing this claim, this Court must view the evidence in the light most favorable to the State. *State* v. *Lupien,* 143 Vt. 378, 381, 466 A.2d 1172, 1174 (1983). Applying that standard, the evidence shows that a police officer arrived at the accident scene about 26 minutes after receipt of a telephone call from a passerby, and that defendant told the arresting officer the accident had occurred about one-half hour before the officer's arrival.

Defendant argues that his own "approximation" of the time of operation, as reported by the officer, has no substantive value, because it is only a "hearsay admission" made by a person who was in an extremely impaired condition when found by the officer at the scene. Defendant contends that this is insufficient evidence to meet the State's burden of proof, citing *State* v. *Clark,* 130 Vt. 500, 296 A.2d 475 (1972). In *Clark,* this Court upheld the granting of a motion for directed verdict at the close of the State's case, stating: "Entirely lacking in the presentation of the State was any evidence, direct or circumstantial, of the time when the defendant had the accident." *Id.* at 503, 296 A.2d at 477. Here, the situation is different. There is evidence from the officer that defendant himself placed the time of the accident at about one-half hour prior to the officer's arrival on the scene. The officer described

defendant as extremely impaired, but not disoriented since he knew his name, asked that his wife be notified and joked with the rescue squad attendants. Contrary to defendant's contention, his admission about the time of the accident was not hearsay: "A statement is not hearsay if . . . [t]he statement is offered against a party and is . . . his own statement . . . ." V.R.E. 801(d) (2) (A).

We conclude there was sufficient evidence for a finding by the jury as to the time of the accident. Since there was also adequate evidence to establish that defendant was under the influence at the time of operation, the trial court properly denied defendant's motion for acquittal. *State* v. *Willette,* 142 Vt. 78, 80, 451 A.2d 821, 822 (1982) ; *State* v. *Canerdy,* 132 Vt. 131, 136, 315 A.2d 237, 240 (1974).

*Affirmed.*