## State of Vermont v. David Broe, Jr.

[498 A.2d 1039]

No. 83-593

Present: **Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed July 19, 1985

Motion for Reargument Denied August 22, 1985

*Philip H. White*, Orleans County State's Attorney, and *Thomas D. Anderson*, Deputy State's Attorney, Newport, for Plaintiff-Appellee.

*Peter E. Yeager* of *Rexford & Kilmartin*, Newport, for Defendant-Appellant.

**Peck, J.** Defendant David Broe appeals his conviction after a trial by jury in the Orleans District Court of operating a motor vehicle while under the influence of intoxicating liquor (DUI) in violation of 23 V.S.A. § 1201(a)(2). We affirm.

The appeal presents three issues for review by this Court. Stated broadly, defendant claims (1) the evidence at trial was insufficient to support a guilty verdict; (2) the trial court erred in denying his motions for acquittal and for a new trial; and (3) during closing argument the prosecutor made an erroneous statement of fact. The motions under the second issue were based on his claim that the State had failed to prove its charge that defendant had been under the influence while driving.

Viewing the evidence in the light most favorable to the prosecution, *State* v. *Comstock*, 145 Vt. 503, 504, 494 A.2d 135, 136 (1985), the following fact pattern emerges. At approximately 2:34 in the morning of February 6, 1983, the Newport, Vermont, Police Department received a phone call reporting an accident on Highland Avenue in that city. However, there was no evidence presented at trial as to the source of the call or the time of the accident. An officer was dispatched to the scene, arriving at approximately 2:37.

At the site of the accident, on the right side of Highland Avenue as traffic moves in a westerly direction, the officer encountered the defendant standing at the top of a steep embankment. He told the officer that a vehicle, of which he was the owner and driver, had gone off the road and down the embankment, and that two people were still inside the vehicle. These passengers were Mr. and Mrs. Paul Patrick, who were subsequently called as witnesses for the State at trial.

During the course of his investigation at the scene of the accident, the officer observed that defendant's eyes were watery and bloodshot. He "detected a moderate to strong odor of alcoholic beverages on [defendant's] breath," and noted that he "was swaying quite badly." On several occasions, after the officer had gone down the bank to attend to the release and removal of the Patricks who were trapped and injured in the overturned car, defendant went down to the vehicle and returned to the top of the bank. On those occasions, the officer noted defendant had difficulty in controlling his momentum while descending the slope, and fell several times. The officer, rescue workers who were subsequently summoned, and others, apparently did not experience any similar difficulties.

After the defendant had been up and down the embankment at least four times, he was asked to get into the police cruiser and wait there for the officer; the defendant complied with this request. Subsequently, when the officer joined defendant in the police vehicle, he noticed a strong odor of intoxicating liquor. The defendant had been the only one in the cruiser and there was no liquor there. The officer then drove defendant to the police department for DUI processing. The former testified at trial that, as defendant entered the building, "I observed that he was . . . swaying very badly, and was . . . holding onto the railing as we entered the office, the front steps."

At the scene of the accident, further police investigation disclosed evidence of erratic driving. The tracks left by defendant's automobile indicated it had been proceeding in an easterly direction with its right wheels on the shoulder of the road, while the left wheels were on the paved surface, all for a distance of approximately 143 feet, to the point where the operator lost control. The tracks disclosed further that the right wheels struck a "ridge" or "hump" of ice and snow at that point; the car then hit a patch of ice, went out of control, spun around 180 degrees, careened across the roadway and went over the bank. In his direct examination of the officer at trial concerning the latter's observations of the wrecked vehicle and its immediate surroundings, the prosecutor asked if there were "indications they had been there awhile or just arrived?" To which the officer replied: "It appears as if they just got there."

The officer testified further that Highland Avenue was a public highway open to the general circulation of traffic, and that, in his opinion, defendant "was under the influence of alcoholic beverage." No claim was made that defendant had anything to drink between the time of the accident and the arrival of the police.

The State presented three witnesses at trial: the investigating police officer, and Mr. and Mrs. Patrick. Defendant did not testify on his own behalf and presented no witnesses or other evidence, apparently relying on the presumption of innocence and perceived weaknesses in the State's case. At the close of the evidence, defendant moved for an acquittal on the ground that there was "no basis for the jury to determine [defendant's] condition at the time of operation." The motion was denied.

Prior to the accident, defendant and the Patricks had been guests at a party in Newport. The Patricks testified that liquor was available at the party, but both denied having actually seen defendant drink anything. Nevertheless, during his closing argument the prosecutor made a statement of fact which had not been established. He told the jury:

> Paul Patrick . . . testified that Mr. Brow [sic] did have something to drink at the party. He just didn't know how much, and he didn't testify as to what time or when this drinking had occurred.

Clearly, the prosecutor's recollection was at fault as to Patrick's actual testimony. There was simply no evidence to support the

prosecutor's statement. That being so, defendant argues on appeal that the statement was prejudicial and requires reversal.

Although the issues as recited earlier in this opinion are three in number, the first two overlap and can be addressed as one on the basis of the sufficiency and propriety of the evidence to support the verdict. The third issue relates to the comment of the prosecutor during his closing argument. We will treat the evidentiary problem, which includes defendant's claim that the jury was permitted to "pile" inferences on inferences, and the prosecutorial comment, as two separate issues and address them accordingly.

I.

■ Under the provisions of 23 V.S.A. § 1201(a)(2), there are three elements which the State has the burden to prove beyond a reasonable doubt before a defendant may be convicted of the crime of operating a motor vehicle under the influence of intoxicating liquor. The State must prove that the accused:

1. Was the operator of a motor vehicle
2. Was operating the motor vehicle on a public highway
3. Was under the influence of intoxicating liquor at the time of operation.

There is no serious dispute that the first two elements of the offense outlined above were well established. The officer testified that defendant admitted to him that he had been driving the accident vehicle; the Patricks corroborated this evidence. The officer also testified that Highland Avenue was a public highway.

■ Similarly, the evidence was sufficient to warrant a finding that defendant was under the influence of intoxicating liquor at all times during which he was under observation by the investigating officer. The classic indications were present: a swaying gait, slurred speech, watery and bloodshot eyes, and the odor of an alcoholic beverage on his breath. However, the third element, which defendant argues strongly was not established by the prosecution, is that defendant was under the influence of intoxicating liquor while operating his vehicle. It is true, as defendant points out, there was no evidence as to the time of the accident. Without more, this failure on the part of the prosecution would have required a directed verdict in defendant's favor. *State* v. *Clark*, 130

Vt. 500, 503-04, 296 A.2d 475, 477 (1972). Nevertheless, proof of time of operation is not essential if there is other reliable evidence indicating operation while intoxicated. *State* v. *Willette*, 142 Vt. 78, 80, 451 A.2d 821, 822 (1982). In the instant case we think the evidence was sufficient to leave the question to be answered by the jury.

■ The evidence clearly suggested erratic driving. Wheel tracks along the highway indicated defendant had driven partly on the traveled portion of the highway and partly along the shoulder for at least 143 feet. This is hardly the normal manner of vehicular operation. The jury could find there was circumstantial evidence of impaired driving. Moreover, the indications of the car's progress across the highway and over the embankment after its right wheels struck the mound of ice had not yet been obliterated or seriously disturbed by any passing traffic or by police and rescue vehicles called to the scene; these signs were still fresh. Finally, the officer testified that conditions immediately surrounding the overturned car were such that in his opinion "they had just got there." Given the impaired condition of defendant when the investigating officer arrived, the physical indications of erratic driving and that the accident had occurred a relatively short time before the report was received by the Newport Police Department and the officer's arrival at the scene, the jury could have concluded that he had been driving under the influence as he approached the accident site. We hold the evidence was sufficient to support a guilty verdict without resorting to impermissible inferences.

## II.

The statement by the prosecutor during his closing argument to the effect that Mr. Patrick testified that defendant "did have something to drink at the party" was unfortunate because it was not true. The only evidence relating to liquor at the party was that it was available to the guests. However, the claim of prejudice resulting from this statement is made for the first time on appeal. Defendant interposed no objection to the comment at the time it was made, and did not seek curative instructions thereafter.

■ It cannot be said, as we did under a different factual situation in *State* v. *Curtis*, 145 Vt. 552, 554, 494 A.2d 143, 145 (1985),

that the remarks were "well within permissible bounds." Although we are reasonably content that the remarks in the instant case did not constitute a willful and calculated misrepresentation of the evidence, a statement of an evidentiary fact by counsel during final argument, which is simply not true, can never be "within permissible bounds" even though it is an honest mistake. This Court said recently in *State* v. *Riva*, 145 Vt. 15, 20, 481 A.2d 1060, 1063 (1984), "that during closing arguments counsel . . . may not depart from the evidence presented at trial." Nevertheless, in *Curtis, supra,* we held also that:

> It is incumbent upon one claiming impropriety during argument to immediately interpose an objection. . . .
>
> The purpose of the requirement is to call the problem to the attention of the court and to provide the court with an ample opportunity to deal with it. . . . [T]he trial court ought to have been afforded the opportunity to strike "promptly and forcefully" at the essence of the claimed error.

*State* v. *Curtis, supra,* at 553, 494 A.2d at 144 (citation omitted).

Defendant's failure to interpose a timely objection to the prosecutor's remarks precludes further review unless the remarks rise to the level of plain error under V.R.Cr.P. 52(b). *Id.* We are satisfied that no such error has been demonstrated. Although much of the crucial evidence was circumstantial, guilt may be established by circumstantial evidence alone. *State* v. *Colby,* 140 Vt. 638, 642, 443 A.2d 456, 457 (1982). Further, in its pretrial instructions to the jury, the court told the panel that the comments of counsel were not evidence; in its final charge the court instructed the jurors at least three times that they could properly consider only the testimony of the witnesses. There was no objection to the charge based on the remarks of the prosecutor.

*Affirmed.*