## State of Vermont v. Walter J. Warner, Jr.

[560 A.2d 385]

No. 87-538

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed April 28, 1989

*John Churchill, Chittenden County Deputy State's Attorney,* Burlington, and *Jo-Ann Gross, Law Clerk, Department of State's Attorneys,* Montpelier, for Plaintiff-Appellee.

*Jarvis & Kaplan,* Burlington, for Defendant-Appellant.

**Gibson, J.** Defendant appeals his conviction after a jury trial of driving while under the influence of intoxicating liquor (DUI) in violation of 23 V.S.A. § 1201(a)(2). We affirm.

Late in the evening of September 6, 1986, defendant's girlfriend was stopped by Geouge Murtie, an Essex police officer, for a possible DUI violation and escorted to the Essex police station for processing. Due to the girlfriend's precarious emotional state, and at her request, Officer Murtie contacted defendant and asked him to come to the station to help calm her down. Defendant arrived at the station sometime after 2:00 on the morning of September 7th.

Officer Murtie testified that defendant was in the station for over half an hour, during which time he concluded from defendant's appearance and behavior — bloodshot eyes, unsteadiness on his feet, slurred speech and the odor of intoxicants on his breath— that he was extremely intoxicated. The officer refused to release the girlfriend into defendant'a custody and, in fact, advised him that if he drove himself home, he would risk a charge of DUI.

Shortly after defendant arrived at the station, Officer Murtie recalled Officer William Whalen, who was out on patrol, to help him. Officer Whalen arrived at approximately 2:30 a.m. He, too, concluded from his observations of defendant over the course of half an hour that defendant was intoxicated. In fact, Officer Whalen was so concerned about defendant's physical state that he offered either to drive him home or call him a taxi. Defendant refused the offers and, at approximately 3:05 a.m., left the building.

Officer Whalen watched defendant go into the parking lot and open the driver's door of his pickup truck. He then turned to Officer Murtie and advised him that he was going to stop defendant from driving but, before he could get out the door, defendant's girlfriend became combative and his continued presence was required. When he looked back outside, he saw defendant's truck pulling away on Main Street.

Two or three minutes later, Officer Whalen got into his cruiser to follow the truck. Since it was no longer in sight, he drove to defendant's house, which he reached at approximately 3:15 a.m. There, he saw the pickup truck parked in the driveway, and defendant came onto the porch. Although defendant denied operat-

ing the truck, Officer Whalen brought him back to the police station and processed him for a DUI violation.

Defendant claims on appeal that taking the evidence in the light most favorable to the State, it was insufficient to prove that defendant was either under the influence of intoxicating liquor or that he operated a vehicle while in such a condition.

## I.

Defendant contends that the evidence at trial was insufficient to support a finding that defendant was intoxicated, noting that both police officers testified that there were other plausible explanations for his slurred speech, unsteady gait, bloodshot eyes and the odor of intoxicants on his breath. We disagree.

In testing the sufficiency of evidence in criminal cases, this Court must view the evidence in the light most favorable to the State and will uphold the judgment unless there was no credible evidence justifying a guilty verdict. *State* v. *Jaramillo*, 140 Vt. 206, 208, 436 A.2d 757, 759 (1981). Here, defendant does not argue that no credible evidence supports the verdict; rather, he claims that there were other possible conclusions to be drawn from the evidence.

In reality, defendant's arguments go not to the sufficiency of the evidence presented at trial, but to its weight. It is well settled, however, that where the evidence is conflicting, the credibility of the witnesses, together with the weight and persuasiveness of the evidence, are questions of fact for the jury, whose determination will stand if there is credible evidence supporting it. See *State* v. *Harvey*, 145 Vt. 654, 657, 497 A.2d 356, 357 (1985).

A review of the record shows that there was credible evidence to support the jury's finding that defendant was under the influence of intoxicating liquor at the time in question. We will therefore not disturb that finding on appeal.

## II.

Defendant next contends that there was insufficient evidence to support the jury's finding that he actually operated a motor vehicle while under the influence. In discussing this argument, a review of additional facts brought out at trial is helpful.

Officer Whalen testified that when he arrived at the police station at 2:30 in the morning, he saw three vehicles in the parking

lot: two cars belonging to the town which usually parked there, and a gray Toyota pickup truck concededly belonging to the defendant. He also stated that he saw no one else in or near the area. It is uncontested that at 3:05 a.m., when defendant left the police station, Officer Whalen did not actually see him drive the truck; he did, however, see defendant open the driver's door. Both officers also testified that in the span of time defendant was in the police station, he did not use the telephone.

Defendant contends that Officer Whalen could not know whether someone else entered the parking lot between 2:30 a.m. and 3:05 a.m., nor whether someone else actually came and drove defendant home. The State points out, however, that no one was with defendant when Officer Whalen arrived at his house at 3:15 a.m. In addition, because defendant did not use the telephone while in the station, the State contends that he could not have requested someone to come pick him up.

Defendant's argument, in essence, is that there is no direct evidence (e.g., an eyewitness) that he himself operated the pickup truck, and that the circumstantial evidence produced by the State was insufficient to prove this element of the violation beyond a reasonable doubt.

■ Our case law is clear that the guilt of a defendant in a criminal case may be proved by circumstantial evidence alone, if the evidence is proper and sufficient in itself. *State* v. *Kerr,* 143 Vt. 597, 603, 470 A.2d 670, 673 (1983). The sufficiency of circumstantial evidence to support a conviction is measured against the same standard as all other evidence: it will sustain a conviction if sufficient to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt. *State* v. *Norton,* 147 Vt. 223, 230, 514 A.2d 1053, 1058 (1986); *State* v. *Neale,* 145 Vt. 423, 433, 491 A.2d 1025, 1031-32 (1985) (standard is the same regardless of whether evidence is direct, circumstantial, or both; jury should not be instructed to apply any other tests or standards). In addition, the State is not required to exclude every reasonable hypothesis of innocence in proving a case with circumstantial evidence. *State* v. *Messier,* 146 Vt. 145, 150-51, 499 A.2d 32, 37 (1985); *State* v. *Hanson,* 141 Vt. 228, 233, 446 A.2d 372, 375 (1982).

■ Circumstantial evidence has been defined as that proof offered of certain facts and circumstances from which the trier of fact may, by way of a process of rational inference, conclude that

the ultimate facts in dispute did or did not occur. See *State* v. *Larose,* 138 Vt. 281, 286, 415 A.2d 210, 213 (1980). Taking the evidence in the light most favorable to the State, *State* v. *Hanson,* 141 Vt. at 233, 446 A.2d at 375, we conclude that the testimony of Officer Whalen provided sufficient evidence from which a jury could rationally infer beyond a reasonable doubt that defendant in fact got into his truck and drove himself home after leaving the police station.

*Affirmed.*