*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-356

SEPTEMBER TERM, 2014

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Franklin Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Timothy P. Perley | } | DOCKET NO. 1169-11-12 Frcr |

Trial Judge: James R. Crucitti

In the above-entitled cause, the Clerk will enter:

Defendant appeals from a jury conviction of resisting arrest, arguing that there was insufficient evidence to convict him and that the prosecutor's mischaracterization of the evidence requires reversal of the conviction. We affirm.

At approximately 11:00 in the evening of November 9, 2012, a state trooper observed defendant pull his vehicle into a neighbor's driveway before reaching the trooper, who had pulled to the side of the road ahead of defendant because of his belief that defendant had committed a traffic violation. When no one exited defendant's vehicle, the trooper activated his blue lights and approached the vehicle. The video camera in the trooper's cruiser recorded what transpired over the next several minutes. The trooper observed defendant sitting in the front passenger seat of the vehicle. When the trooper asked defendant why he had moved to the passenger seat, defendant denied having done so. Upon smelling a strong odor of intoxicants, observing defendant's watery and bloodshot eyes, and hearing defendant's mumbled speech, the trooper ordered defendant out of the car, patted him down, had him perform dexterity tests, and gave him a preliminary breath test, which revealed a blood-alcohol concentration of more than twice the legal limit.

The trooper then informed defendant that he was under arrest. Defendant pleaded with the trooper not to arrest him. When the trooper attempted to handcuff him, a scuffle ensued, and the trooper threw defendant to the ground to subdue him. Defendant broke free from the trooper's grasp and ran to the neighbor's house yelling for help. The trooper used a Taser on defendant, to no avail. Eventually, after the neighbor came out and encouraged defendant to cooperate, the trooper was able to handcuff defendant and place him under arrest.

Defendant was charged with driving while intoxicated, resisting arrest, disorderly conduct, simple assault on a police officer, and escape from custody. The trial court dismissed

the escape-from-custody charge before trial. Following a one-day trial, the jury convicted defendant of driving while intoxicated and resisting arrest but acquitted him of disorderly conduct and assault on a police officer. The trial court denied defendant's motion for judgment of acquittal on the resisting arrest charge.

On appeal, defendant first argues that the trial court erred by denying his motion for judgment of acquittal because the evidence was insufficient for the jury to convict him of resisting arrest, considering the elements of the crime as instructed by the trial court. According to defendant, there was no evidence that defendant engaged in any specific conduct that amounted to an open physical act coupled with an intent to resist arrest. He contends that having his hands in his pocket and pleading with the officer not to arrest him was not an open physical act with intent to resist arrest sufficient for conviction under Vermont's resisting arrest statute, 13 V.S.A. § 3017(a).

In reviewing the trial court's denial of a motion for judgment of acquittal, "we view the evidence in the light most favorable to the prosecution, . . . and determine whether the State's evidence sufficiently and fairly supports a finding of guilt beyond a reasonable doubt." State v. Devoid, 2010 VT 86, ¶ 9, 188 Vt. 445 (quotation omitted). Section 3017(a) criminalizes an intentional attempt "to prevent a lawful arrest [from]. . . being effected or attempted by a law enforcement officer." The trial court instructed the jury, in relevant part, that it could convict defendant of resisting arrest only if it found that he intentionally attempted to prevent a lawful arrest. The court further charged the jury that an attempt to prevent a lawful arrest requires an open physical act coupled with a purposeful and conscious intent, which may be shown by expressions to others or conduct. The court stated that defendant's mistaken belief as to the unlawfulness of the arrest could not be a defense to the charge, but that the officer would not be performing a lawful duty if he used excessive force in dealing with defendant prior to defendant's conduct giving rise to the charge.

In considering defendant's motion for judgment of acquittal, the court, like the jury, had the benefit of not only the witnesses' testimony but also the video recording of the incident taken from the cruiser's camera. The court determined that defendant's conduct of pulling away from the trooper and pulling his hands away to prevent the trooper from handcuffing him, after the trooper told him he was under arrest and directed him to put his hands behind his back, was sufficient to satisfy the elements of the crime and support the jury's verdict.

We agree. Viewing the evidence most favorably to the prosecution, there was ample evidence, including the video recording of the incident, for the jury to determine that, upon being told that he was under arrest and to turn around, defendant pulled away from the trooper and attempted to prevent the officer from handcuffing him. Although defendant was wearing a heavy coat that likely complicated the trooper's attempt to handcuff him, defendant's actions were such that the jury could conclude beyond a reasonable doubt that he was intentionally attempting to interfere with the trooper's attempt to handcuff him. Indeed, as he pulled away and attempted to prevent the trooper from handcuffing him, defendant repeatedly indicated that he did not want to be arrested.

Focusing on one sentence of the trial court's oral ruling on his motion for judgment of acquittal, defendant contends that, contrary to its instruction to the jury on the elements of

resisting arrest, the court determined that merely not complying with the trooper's request was sufficient to satisfy § 3017(a)—even without an overt physical act of resistance—thereby effectively shifting the burden of proof to the defendant to demonstrate that he did comply with the officer's request. We disagree with this characterization of the trial court's ruling. As noted, the trial court found that defendant's actions in moving away from the officer while pulling his hands away to avoid being handcuffed was sufficient to support the jury's conviction for resisting arrest.

Defendant also argues that the prosecutor's mischaracterization during opening and closing arguments of what defendant said when the trooper attempted to handcuff him rises to the level of plain error and requires reversal of his conviction. Specifically, defendant argues that the prosecutor mischaracterized the evidence by stating to the jury during both opening and closing arguments that defendant had said "you're not taking me" as he pulled away from the trooper. According to defendant, he never made such a statement, and the arresting officer never stated that he made such a statement. In his view, the prosecutor's mischaracterization of the evidence was plain error requiring reversal because the alleged statement was not in evidence and directly affected the defense's theory that he did not have the specific intent required to resist arrest. Cf. State v. Rehkop, 2006 VT 72, ¶¶ 38-39, 180 Vt. 228 (finding plain error where prosecutor during closing argument relied upon statements from another hearing to question credibility of defense witnesses and expressed his belief that defense witnesses lied, suggesting that he would have charged them with perjury but for difficulty of proving they could remember what they claimed not to be able to remember).

We find no plain error requiring reversal here. Id ¶ 37 (stating the finding plain error requires showing that error struck at heart of defendant's constitutional rights or resulted in miscarriage of justice). The video recording of what defendant said at the critical moment is not entirely clear. When the trooper told defendant that he was under arrest, defendant pleaded with him not to arrest him, repeatedly stating, "Can we not do this?" For his part, the trooper repeatedly told defendant to turn around, and on two occasions stated, "Don't make me fight you." Finally, the officer again told defendant to turn around and attempted to turn him around. Defendant then pulled away, saying "No, I'm not. You're not going to ____ me." The missing word is not sufficiently audible on the video to establish it with any certainty. He may have said "you're not going to 'fight' me," following on the statement of the officer, but it can be interpreted as saying "you're not going to 'take' me."

In his closing argument, the prosecutor stated: "And then as you can clearly see and hear just before the officer lays his hands on the defendant he states you're not taking me." Defense counsel began his closing argument, in response to the prosecutor, by reminding the jury that the prosecutor's interpretation of what defendant said—specifically, "you're not taking me"—was not evidence and that the jury must go back and determine for itself what was actually said. In fact, the video recording was in evidence, and the jury could determine for itself what was actually said. Moreover, immediately before oral arguments and during its charge following the arguments, the trial court cautioned the jury that the arguments of counsel were not to be considered evidence. Under these circumstances, even if we found that the prosecutor misquoted defendant, we cannot conclude that there was plain error such as to warrant a new trial. Cf. State v. Broe, 146 Vt. 135, 140-41 (1985) (finding that prosecutor's inaccurate statement as to

witness's testimony was not plain error, given evidence against defendant and trial court's repeated admonition that jury could consider only testimony of witnesses).

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice