*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-147

JUNE TERM, 2016

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Caledonia Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Keith Baird | } | DOCKET NO. 8-1-13 Cacr |

Trial Judge: Robert R. Bent

In the above-entitled cause, the Clerk will enter:

Defendant appeals from his conviction, by jury, of thirty counts of violating a relief-from-abuse (RFA) order, second or subsequent offense. He argues that the court erred in denying his motion for a judgment of acquittal because the State failed to prove that he was served with the final RFA order. Defendant also asserts that he was denied due process in the RFA proceedings. We affirm.

In August 2013, defendant was charged with numerous counts of violating a RFA order for allegedly calling his ex-girlfriend repeatedly from jail during October 2012. A RFA order, which had been issued by default, prohibited any contact between defendant and his ex-girlfriend. At trial, the State played recordings of the phone calls at issue. Copies of the temporary, final, and corrected-final RFA orders were also entered into evidence, as were returns of service. The temporary RFA order issued September 12, 2012, and was served on defendant the same day; the final order issued September 19, 2012, service of which is discussed below; and the court sua sponte issued a corrected-final order on October 15, 2012, which was served on October 16, 2012.

The return of service dated September 20 was on a form with a preprinted header stating, "Temporary Order for Relief from Abuse Return of Service." A sheriff's deputy testified that the court provided him with the packet of materials to be served as well as the return-of-service form and that they were served as soon as possible, often on the same day. The deputy stated that he did not always read the name of the document that he was serving and compare it with the title of the document identified on the return of service form. He testified that despite the title on the September 20 return of service, he had served a final RFA order on defendant on that day. On cross-examination, the deputy reiterated his belief that he had served the final order but acknowledged that he could not be sure.

At the close of the State's case, defendant moved for a judgment of acquittal, arguing that the State failed to prove that he had been served with the final RFA order. The court denied the motion. It found that the jury could conclude based solely on sequencing and the illogic of serving the temporary order again, that the sheriff's initial recollection of serving the final order was sound, without resorting to speculation. The defense rested without presenting any evidence, and the jury convicted defendant of thirty counts of violating the RFA order.

Defendant filed a post-trial motion for judgment of acquittal, which the court denied. The court also considered a motion to dismiss that defendant had filed the day before trial. In his motion, defendant asserted that he was denied due process in the RFA proceedings because jail officials did not allow him to participate in the RFA hearing by telephone. Following a hearing, the court found no due process violation. It explained that defendant did not request permission from the family court to appear by telephone, which would have put the family court on notice of his intent to participate in the RFA proceeding and the potential need for assistance in facilitating such an appearance. Instead, one or two days before the scheduled hearing, defendant submitted a request to the jail for telephone access. When he did not receive a response, he waited until the hearing was about to begin before attempting to pursue his request through the jail. The court found that these measures fell far short of any timely effort to notify the court of his need for alternative appearance. The court held defendant substantially responsible for the failure to be heard because he did not avail himself of court rules allowing formalized telephone access, and he did not timely notify his case manager of his needs. The court also found that defendant did not establish any prejudice from the alleged due process violation as he did not seek to modify or vacate the RFA order; instead, he challenged the order only after he was charged with violating it. This appeal followed.

Defendant first asserts that the court erred in denying his motion for judgment of acquittal. Defendant reiterates his argument that the jury had to speculate as to whether he was served with the final order. He maintains that any inferences to be drawn from the evidence, whether logical or illogical, required conjecture.

We review the court's decision "de novo, considering whether the evidence, when viewed in the light most favorable to the State and excluding any modifying evidence, fairly and reasonably tends to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt." State v. Ellis, 2009 VT 74, ¶ 21, 186 Vt. 232 (quotation omitted). "In doing so, we assess the strength and quality of the evidence; evidence that gives rise to mere suspicion of guilt or leaves guilt uncertain or dependent upon conjecture is insufficient." State v. Albarelli, 2011 VT 24, ¶ 17, 189 Vt. 293 (quotation and alterations omitted). At the same time, we remain mindful that "[a] defendant's guilt may be established by direct evidence and by circumstantial evidence, and proof of facts includes reasonable inferences properly drawn therefrom." State v. Erwin, 2011 VT 41, ¶ 20, 189 Vt. 502 (quotation omitted).

The jury was not required to resort to conjecture to conclude that defendant was served with a copy of the final RFA order here. As set forth above, the deputy testified that court orders were served as quickly as possible after they were received from the court. The temporary RFA order was served the day it issued because defendant happened to be in court on that day. The corrected final order was served on defendant the day after it issued. The jury could reasonably infer that a similar process occurred with respect to

2

the final RFA order at issue. The final order was issued on September 19, and the following day, defendant was served with an order that had been provided to the deputy sheriff by the court. As the court below noted, there was "no reason for any return of service to have been made on September 19 or 20 except for service of the final order which issued on that date." The fact that other possibilities exist does not render this inference unreasonable. See State v. Warner, 151 Vt. 469, 471 (1989) (noting that, where defendant argued that there were other possible conclusions to be drawn from evidence, his argument went not to sufficiency of evidence but to its weight, which was question of fact for jury); see also State v. Durenleau, 163 Vt. 8, 12 (1994) ("[T]he State is not required to exclude every reasonable hypothesis of innocence in proving a case with circumstantial evidence." (quotation omitted)). The jury here could properly "employ rational inferences to bridge factual gaps left by circumstantial evidence," Durenleau, 163 Vt. at 14, without resorting to speculation. The court properly denied defendant's motion for a judgment of acquittal.

We turn next to defendant's motion to dismiss. According to defendant, he established a due process violation. He notes that the court found him credible regarding his efforts to use the telephone in jail, and he argues that there was no evidence to show that he knew that he could file a motion with the family court to request participation by telephone. As to his failure to challenge the order until he was charged with violating it, defendant asserts that he was unaware of the final RFA order until he received the amended version in October 2012.

We find no error. As a general rule, parties are barred from collaterally attacking court orders or challenging such orders by violating them. State v. Mott, 166 Vt. 188, 191-92 (1997). A defendant charged with violating an RFA order may argue, however, that the order "was issued in violation of [his or her] due process rights." Id. at 192. "Due process of law in this circumstance requires that defendant receive notice and an opportunity to be heard." Id. Defendant failed to show a due process violation here.

Although "preventing defendant from any meaningful access to the abuse prevention proceeding would be a denial of due process," id. at 192-193, that did not occur here. Even though the court credited defendant's statements about his jailhouse conduct, it concluded that he failed to timely and properly avail himself of the alternatives to a personal appearance at the RFA hearing. We agree.

Defendant could have participated by telephone, but as in Mott, that alternative was not explored "because defendant never made a request for access" to the court. Id. at 193. As we recognized in Mott, it is a defendant's "responsibility to bring his inability to obtain access to the abuse prevention proceeding to the attention of the family court." Id. Defendant's suggestion that he was unaware of the family court rules is unavailing. See id.; see also Zorn v. Smith, 2011 VT 10, ¶ 22, 189 Vt. 219 (explaining that "although pro se litigants receive some leeway from the courts, they are still bound by the ordinary rules of civil procedure" (quotation omitted); Adamson v. Dodge, 2006 VT 89, ¶ 4, 180 Vt. 612 ("Although we will not permit unfair advantage to be taken of a pro se litigant, it is not the obligation of the family court or this Court to offer affirmative help.").

Defendant's remaining argument is equally unpersuasive. Even if defendant was not aware of the final RFA order until October 2012, this does not undermine the court's

conclusion that he failed to challenge the order in any way until he was charged with violating it.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

4