VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.    25-AP-013

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

# ENTRY ORDER

SEPTEMBER TERM,   2025

State of Vermont v. Robert Ferris\*

}   APPEALED FROM:
}   Superior Court, Bennington Unit,
}   Criminal Division
}   CASE NO. 24-CR-04697
    Trial Judge: Kerry Ann McDonald-Cady

In the above-entitled cause, the Clerk will enter:

Defendant appeals his conviction of first-degree aggravated domestic assault.  We affirm.

In May 2024, the State charged defendant with first-degree aggravated domestic assault for recklessly causing bodily injury to his girlfriend.  Defendant waived his right to a jury trial, and a bench trial was held over two days in August and September 2024.

The State presented evidence from four witnesses.  The first witness was an emergency physician who testified that on May 7, 2024, he examined the complainant at the emergency department.  He determined that the bony portion of her nose was broken.  She had redness and blood in her nasal openings.  The broken nose was confirmed by a CAT scan.

The next witness was a Bennington police officer.  He testified that on May 7, 2024, he responded to a call about a domestic dispute between defendant and the complainant in Bennington.  He knew both of them from previous interactions.  When he arrived, defendant was at home but the complainant was not.  The officer spoke to defendant, who identified himself.  Defendant admitted that there had been an argument in front of the children and he had been drinking.  He acknowledged that the complainant had hit him.  Police subsequently took defendant into custody.

Approximately one hour later, the responding officer received word that the complainant had returned home, and the officer went back to the apartment.  When the complainant opened the door, she was "hysterically crying" and upset, and immediately told the officer that she wanted to go to the hospital because "he broke my nose."  The State played a videorecording from officer's body camera of his interview of the complainant, during which she stated, "my nose is broken," and "he broke my nose."

A neighbor testified that on the evening in question, she was at home in her apartment, which is directly above defendant and the complainant's apartment.  Her window was open.  She

heard defendant and the complainant arguing. She then heard the complainant slap defendant and heard him punch her in response. The neighbor went downstairs and the complainant came out to the porch and showed the neighbor her nose, which was "red and swollen and looking messed up." The complainant was distraught and crying. She told the neighbor that defendant broke her nose.

A second neighbor testified that she returned home from the store and heard yelling. She saw the complainant on the porch of the apartment building with two other women. The complainant was very upset and angry. Defendant came outside and sat on a chair on the porch. The complainant's mother then arrived, and the complainant hit defendant. This caused the second neighbor to call the police.

Defendant moved for judgment of acquittal, arguing that there was insufficient evidence to support a conviction. The court denied the motion. Defendant did not present any evidence. The court found defendant guilty. Defendant then filed a post-judgment motion for judgment of acquittal or for a new trial. The court also denied these motions. Defendant appealed.

Defendant argues that the State's evidence was insufficient to prove beyond a reasonable doubt that he punched the complainant and broke her nose. The standard for evaluating the sufficiency of the evidence at a bench trial is the same as for a jury trial. State v. Amsden, 2013 VT 51, ¶ 8, 194 Vt. 128. That is, "the Court must determine if the evidence, viewed in the light most favorable to the State and excluding modifying evidence, fairly and reasonably supports a finding beyond a reasonable doubt." Id. (quotation omitted).

Defendant was charged with "recklessly caus[ing] bodily injury to a family or household member" in violation of 13 V.S.A. § 1043(a)(1). Defendant does not appear to dispute that the complainant suffered bodily injury or that she and defendant were family or household members. These elements were satisfied by the testimony of the responding officer and the neighbors that defendant and the complainant lived together with their children, and the testimony of the emergency physician, who confirmed that the complainant's nose was broken. Rather, defendant argues that the State presented no direct evidence that he struck the complainant.

"Our case law is clear that the guilt of a defendant in a criminal case may be proved by circumstantial evidence alone, if the evidence is proper and sufficient in itself." State v. Warner, 151 Vt. 469, 472 (1989). "So long as the jury 'by way of a process of rational inference' could conclude beyond a reasonable doubt that defendant committed the acts for which he was charged, we will not disturb the jury's verdict." State v. Godfrey, 2010 VT 29, ¶ 18, 187 Vt. 495 (quoting Warner, 151 Vt. at 472).

The evidence presented by the State was sufficient for the court to rationally infer that defendant struck the complainant and broke her nose. Defendant admitted to the responding officer that he and the complainant had an argument, that he had been drinking, and that she had hit him. The upstairs neighbor testified that she heard defendant and the complainant arguing, heard the complainant slap defendant, and then heard defendant punch the complainant. When she went downstairs, the complainant told the neighbor that defendant broke her nose. The complainant subsequently told the responding officer that "he broke my nose." Based on the totality of the evidence, the court could reasonably infer from the latter statement that the complainant was referring to defendant. While defendant argues that this evidence was unreliable and deserved little weight, the trial court apparently disagreed. It was within the trial court's discretion to evaluate the credibility and persuasiveness of this evidence. See State v. Tribble, 2005 VT 132, ¶ 12, 179 Vt. 235 ("The credibility of witnesses, weight of the evidence

and its persuasive effect are matters for the exclusive determination of the trier of fact." (quotation omitted)).

Taking this evidence in the light most favorable to the State, we conclude that it was sufficient for the court to find beyond a reasonable doubt that defendant struck and injured the complainant. See Godfrey, 2010 VT 29, ¶ 23 (holding that jury could reasonably infer from evidence that defendant's semen was in victim's vagina, and his admission that he penetrated victim, that defendant was person who murdered victim); Warner, 151 Vt. at 473 (affirming DUI conviction based on circumstantial evidence that defendant had operated his vehicle). The court therefore did not err in denying defendant's motion for judgment of acquittal. Because defendant's motion for a new trial was premised on his argument that there was insufficient evidence to support his conviction, we likewise conclude that the court did not abuse its discretion in denying that motion. See State v. L'Esperance, 2024 VT 74, ¶ 17 (stating this Court reviews decision on motion for new trial for abuse of discretion).

Affirmed.

BY THE COURT:

 

Paul L. Reiber, Chief Justice

 

William D. Cohen, Associate Justice

 

Nancy J. Waples, Associate Justice